[No. 26.   Decided February 13, 1890.]

J. A. SILSBY v. CLAYTON ALDRIDGE, R. B. HOY AND JAMES BREWER.

#### REPLEVIN — CHATTEL MORTGAGE — VARIANCE.

In an action of replevin, where personal property had been mortgaged to plaintiffs by third parties, and afterwards, but prior to the maturity of the debt, delivered by the mortgagors to defendant, it is a failure of proof, and not a mere variance curable by amendment, to prove the existence of the mortgage in support of the allegation of plaintiff's ownership.

*Error to District Court, Thurston County.*

Action of replevin by Aldridge and others against Silsby to recover two oxen and their yoke, mortgaged to plaintiffs by third persons, and afterwards delivered by mortgagors to defendant, though the debt was not yet due, and the mortgage contained the usual provision against removal and disposition by the mortgagors.

*Charles H. Ayer,* for plaintiff in error.

The mortgagee is not in a position to maintain replevin. His remedy is by foreclosure, which is an equitable action, admirably fitted for trying the rights of all parties who claim an interest in the subject-matter.   Code Wash. T., §§ 1986, 1989, 1995 and 1998; *Byrd v. Forbes,* 3 Wash. T. 318; *Marsh v. Wade,* 20 Pac. Rep. 578.

*Root & Mitchell*, and *B. F. Dennison*, for defendants in error.

Whether defendants in error were owners of the property, or owners of a special property therein as mortgagees, is immaterial. Code Wash. T., §§ 1810, 105, 106, 108 and 113.

A right to immediate possession will sustain suit in replevin. Wells on Replevin, §§ 32, 95-7, 102, 107; *Lazard v. Wheeler*, 22 Cal. 140.

The moment mortgagor gave defendant an order for the mortgaged property the mortgagees became, by express terms of the mortgage, entitled to immediate possession of said property. The title immediately vested in mortgagees, subject only to the right of mortgagor to have same sold, and absolute against all others. Wells on Replevin, §§ 222*a*, 223; Boone on Mortgages, §§ 256, 258; *Hackett v. Manlove*, 14 Cal. 85; *Heyland v. Badger*, 35 Cal. 404; *Wright v. Ross*, 36 Cal. 414.

Under our statutes alleging ownership, but proving special property, is not a material variation. The defendant was not misled. Code Wash. T., §§ 105-107; *Chambers v. Hoover*, 3 Wash. T. 107.

The opinion of the court was delivered by

STILES, J. — Plaintiffs in the court below alleged that they were the owners of two oxen and their yoke, which property the defendant had taken into his possession unlawfully and without plaintiffs' consent, and they demanded the return of the property. Defendant denied the ownership of the property by plaintiffs, and the unlawfulness of the taking, and alleged title in himself. At the trial, plaintiffs, to sustain their allegation of ownership produced, and, over the objection of the defendant, were allowed to put in evidence a chattel mortgage executed by certain third parties to the plaintiffs, covering the

oxen in question and other property. The testimony on the part of the plaintiffs showed that the mortgage debt was not yet due, and that the mortgage had not been foreclosed. It did not appear that the mortgaged property had ever been in the possession of the plaintiffs, but it had remained in the possession of the mortgagors until a short time previous to the commencement of the action, when, upon the written request of one of the mortgagors, it had been delivered by the other mortgagor to the defendant. The mortgage contained the usual provisions against removal and disposition by the mortgagors. A motion for a nonsuit was made by the defendant and denied by the court, and there was a verdict for the plaintiffs. There were other matters complained of by the plaintiff in error, but they grew out of the value accorded to the chattel mortgage, and need not be touched upon.

In our judgment, the chattel mortgage, under the statutes of Washington, did not convey to the holders any title to the property in question. Chapter 141 of the code provides ample means for the creditor when his security is threatened, and the common-law right of possession seems to be completely abrogated in that regard. Therefore, proof of the existence of the mortgage did not tend to support the allegation of ownership, and the motion for a nonsuit should have been granted.

We are urged to hold that under § 108 of the code there was an immaterial variance which could have been cured by amendment; but it was not a mere variance but a failure of proof; indeed, had the facts been pleaded, instead of the mere conclusion of ownership, under our view of the chattel mortgage act, plaintiffs would have no cause of action. While the mortgage was not foreclos d the mortgagors could have recovered the possession, or if the possession of the defendant endangered the security of the plaintiffs, they could, under the statutes, have the property taken into possession and held for disposal according to the provisions

of § 1989, *et seq.  Byrd v. Forbes*, 3 Wash. T. 318 (13 Pac.
Rep. 715); *Marsh v. Wade*, 20 Pac. Rep. 578.

The judgment is reversed, with directions to the succes-
sor of the court below to sustain the defendant's motion
for a nonsuit, and dismiss the action.

ANDERS, C. J., and HOYT, SCOTT and DUNBAR, JJ.,
concur.