[No. 29.   Decided May 26, 1890.]

WILLIAM KERRON AND S. F. ALBERTS v. NORTH PACIFIC LUMBERING AND MANUFACTURING COMPANY.

REPLEVIN — PLEADING — EVIDENCE — BILL OF SALE AS MORTGAGE.

In an action for the possession of personal property, where plaintiff claims as owner under a bill of sale from a third party, and the proof shows that he is merely a mortgagee, he cannot recover.

Where the complaint, in an action of replevin, alleges title generally in plaintiff, without setting forth the source of title, and

16—1 WASH.

plaintiff, on the trial, introduces in evidence a bill of sale from a third party to plaintiff, the defendant, under a plea of general denial, may introduce evidence tending to show that such bill of sa'e was given as security for a debt, and was, in fact, only a mortgage.

*Appeal from District Court, Wahkiakum County.*

Action by North Pacific Lumbering and Manufacturing Company against William Kerron and S. F. Alberts, to recover possession of certain saw-logs. In the spring of 1887, one Kimball was engaged in cutting and putting into one of the streams emptying into the Columbia river saw-logs from timber growing upon the land of the defendant Kerron. At that time plaintiff was furnishing supplies and money to Kimball to carry on such logging operations, in consideration of which Kimball agreed to deliver to plaintiff all saw-logs manufactured by him at an agreed price. During the whole of the year 1887, there existed a contract between Kimball and defendant Kerron, whereby the latter granted to Kimball the right to cut and remove from said lands all the timber thereon. The plaintiff continued to furnish money and supplies to Kimball for said logging operations during the year 1887, and Kimball cut from said lands a large number of saw-logs. On the 17th day of October, 1887, Kimball executed the contract set out in the opinion of the court, which contract was duly recorded. On March 12, 1888, Kimball executed and delivered to defendant Kerron a promissory note due one day after date, and secured by a chattel mortgage on the logs in controversy, which mortgage was duly recorded. When said note became due, Kerron proceeded to foreclose his mortgage, and directed the defendant Alberts, as sheriff of Wahkiakum county, to seize and sell said saw-logs. Plaintiff thereupon brought suit for possession of the logs, and damages for detention of the same by defendants. Verdict and judgment for plaintiff, and defendants appeal.

*Seneca Smith*, and *Stott, Boise & Stott*, for appellants.

*Thomas N. Strong*, and *Doolittle, Pritchard & Stevens*, for appellee.

The opinion of the court was delivered by

HOYT, J. — This action was brought to secure the possession of certain saw-logs, alleged to have been unlawfully detained by the defendants. In its complaint the plaintiff alleged that it was the owner of the logs in question. Defendants denied the ownership, and set up that they were in possession by authority of one J. F. Kimball, who cut and put into the water the logs. Plaintiff, to prove its ownership, put in evidence a bill of sale, made by said Kimball, in words and figures as follows, to wit:

"Know all men by these presents: That I, James F. Kimball, of Cathlamet, Washington Territory, the party of the first part, for and in consideration of the sum of one dollar and other good considerations to me in hand paid by the North Pacific Lumbering and Manufacturing Company, a corporation, the party of the second part, the receipt whereof is hereby acknowledged, do by these presents, grant, bargain, sell and convey unto the said party of the second part, its successors and assigns, all of the following described personal property, to wit: All of the saw-logs manufactured or purchased by me, and now in or near the waters of the Columbia and Elokomon rivers, in Wahkiakum county, Territory of Washington, being all the saw-logs now on hand and owned by me in said county of Wahkiakum; and I do also sell to said corporation all the logs now in the process of manufacture, or that I may cut into saw-logs during the year 1887, all marked as follows: A stamp mark or brand in the end, a " T," and a sap mark, a crow's foot. To have and to hold the same to the said party of the second part, its successors and assigns forever, and I do for myself, my heirs, executors and administrators covenant and agree to and with the said party, its successors and assigns, to warrant and defend the sale of said property, goods and chattels hereby made with the said party of the second part, its successors and assigns, against

all and every person or persons whomsoever lawfully claiming or to claim the same.

"In witness whereof I have hereunto set my hand and seal the 17th day of October, in the year of our Lord, 1887."

Defendants offered to prove certain facts tending to show that said bill of sale was given simply as a security, and was, therefore, in fact, only a mortgage. The court excluded this proof. Defendants excepted and have assigned error thereon; and this ruling we will proceed to examine. The plaintiff concedes, in its brief, that the said ruling was erroneous, if the fact that it was only a mortgage and not the owner would, under the pleadings in the cause, have been of any avail to the defendants, but argues upon two grounds that proof of such a fact would not have aided them: First, for the reason that, as mortgagee, it would have had a special property in the logs, and have been entitled to maintain its action by virtue of the provisions of section 108 of the code; and second, that before the defendants could avail themselves of such a defense they must have pleaded it in their answer.

As to the first proposition above stated, it is only necessary to say that this court, at its last term, held in a case like this, where the plaintiff claimed as owner and proved only that he was a mortgagee, that he could not recover. And, as we are satisfied with that decision and the reasoning therein, it is conclusive of this question. See *Silsby v. Aldridge, ante,* p. 117.

If the plaintiff, in its complaint, had set out the bill of sale in question, and alleged ownership thereunder, it would, undoubtedly, have been necessary for the defendants to have pleaded that it was only a mortgage, to have entitled them to introduce proof to show such fact; but as it contented itself with the allegation of ownership without showing how it was acquired, and thus entitled itself to establish such ownership by any competent proof, it must follow that when such proof was introduced, the defendants were

entitled to meet the case made by plaintiff's evidence by any competent proof that tended to show that such evidence was untrue; and that the bill of sale introduced was not, in fact, a conveyance of the property, but was only a mortgage thereon, as fully and completely as though the matters in defense had been fully set out in their answer. The proof offered by the defendants was wrongfully excluded, and the error thereon assigned was well taken.

Error was also assigned upon various rulings growing out of the instructions to the jury, but the record seems to be imperfect, and as it is impossible to determine therefrom just what the judge did instruct the jury, we shall not discuss these errors further than to say that, excepting as to the instruction that the intent of the parties must be gathered solely from the bill of sale, which, for the reason hereinbefore stated, we hold to be error, we are of the opinion that the instructions fairly interpret the law of the case.

The judgment of the lower court must be reversed, and the cause remanded for a new trial.

ANDERS, C. J., and STILES and SCOTT, JJ., concur. DUNBAR, J., not sitting.