[No. 1430. Decided November 30, 1894.]

THOMAS W. EIDSON ET AL., *Appellants*, *v.* JAMES H. WOOLERY ET AL., *Respondents.*

REPLEVIN—JUDGMENT AGAINST SURETIES ON BOND—LEVY—GOODS IN CUSTODIA LEGIS—APPEAL—AMOUNT IN CONTROVERSY.

Where personal property seized under attachment as the property of the attachment debtor is claimed by third persons, and upon a trial of title to the property it is found to have a value exceeding $200, an appeal to the supreme court will lie from the judgment in such proceeding, although the amount of the claim of the attaching creditor may be for a less sum.

Where an action is brought under Code Proc., § 255 *et seq.*, to recover the possession of personal property, the judgment therein can only be for the return of the property, or, in case return cannot be had, for its value, and there is no authority in such action when the verdict is in favor of defendant for entering judgment of any kind against the sureties in the bond given by plaintiff to secure possession of the property.

Where a sheriff has levied upon goods under an attachment, and possession thereof has been obtained by another under the terms of a delivery bond which requires a return to the officer, if return thereof shall be adjudged, the goods are *in custodia legis*, and cannot be levied upon by another officer pending the litigation of the case in which the original attachment was issued.

15-10W

*Appeal from Superior Court, King County.*

*Allen & Powell*, for appellants.

*Jacobs & Jacobs*, for respondents.

The opinion of the court was delivered by

HOYT, J.—Appellants Eidson and Lindersmith brought an action against the respondents for the recovery of certain specific articles of personal property. Such action was brought under the provisions of the chapter relating to claims to possession of personal property, and by virtue of the provisions thereof an affidavit was made and bond given to secure possession of the property during the pendency of the action. Defendants answered, and upon trial the jury returned a verdict in their favor, and found that the property was of the value of $800. Whereupon, after a motion for a new trial had been made and denied, judgment was, upon motion of the defendants, entered against the said Eidson and Lindersmith, and the sureties in the delivery bond, for the amount of the claim to secure which it was shown the property had been seized by the defendants upon a writ of attachment against one Freeman.

The amount of such claim was, at the time of institution of the attachment proceeding, $197.50, and for the reason that such claim was less than $200, the defendants move this court to dismiss the appeal, taking the ground that the amount of such claim at the time of the institution of the attachment proceeding was the original amount in controversy within the contemplation of the constitutional provision relating to appeals (Art. 4, § 4). In our opinion this position is untenable. The thing in controversy in this action is the personal property, possession of which was sought thereby, and since that was alleged to have been of the value of $800, that was the amount in controversy as defined by said constitutional provision.

The judgment in this case must be reversed for the reason that the pleadings did not authorize such a judgment, whatever may have been the findings of the jury upon the

issues made thereon. Defendants claim that it was warranted by the provisions of § 495 of the Code of Procedure, and this claim is probably warranted by the language of that section. But the provisions of that section apply only to the rendition of a judgment in the special proceeding authorized by § 491, and have no reference whatever to one to be rendered in an action in the nature of a suit in replevin brought under the provisions of the chapter (Code Proc. tit. 6, ch. 2) relating to the claim and delivery of personal property. Sec. 438 provides what the judgment must be in actions under said chapter, and no authority can be found in it for entering any other judgment than one for the return of the property, or, in case return cannot be had, for its value, and under its provisions such judgment can only be rendered against the plaintiff or defendant in the action, and there is no authority for entering a judgment of any kind against the sureties in the bond given by plaintiff to secure possession of the property.

There is some contention on the part of the defendants that this was a proceeding under the provisions of said Sec. 491, but even a superficial examination of the pleadings and proceedings had in the case will show that there is no foundation whatever for such a contention. The proceeding was commenced by the filing of a complaint against the defendants in their individual capacity, and the issuing of a summons thereon, and thereafter an answer was regularly interposed, and every proceeding had incident to the preparation for trial of a cause of action under the provisions of the chapter above referred to. Not only is the nature of the action made to appear from the pleadings, but also from the process by which possession of the property was obtained. Under the special proceedings to which defendants refer there is no necessity for any process to enable the plaintiff to procure possession of the property. It is the duty of the sheriff, whenever the affidavit and bond required by the statute are presented to him, to deliver the possession of the property to the claimant. In this case such was not the course taken; on the contrary, regular process issued to the

coroner requiring him to take from the defendants, one of whom was sheriff of the county, the property in question and deliver it to the plaintiffs.

The action, then, must be held to have been one under the provisions of the chapter concerning claims for the delivery of property, and not a proceeding by a claimant under the section of the statute above cited. It follows that there was no authority for the entry of the judgment from which the appeal was taken.

The foregoing is decisive of the rights of the parties on this appeal, but, in view of a re-trial, it will be well for us to decide one or two other questions presented by the record.

The court, over the objection of the plaintiffs, permitted defendants to show on cross-examination of one of the plaintiffs that the property had been attached on a writ issued prior to the one under which the defendants justified their taking, and showed, by his testimony, over such objection, that in said prior suit the property had been levied upon and possession thereof obtained by the plaintiffs by the force of an affidavit and bond by the terms of which they were required to return the property to the officer from whom it was taken, if return thereof should be adjudged. Plaintiffs claim that it was not proper for the defendants to prove these facts upon the cross examination of their witness; that if such facts were competent at all they were so competent only as a part of the defendants' case. They further contend that the effect of such proof was to show that the levy under which the defendants claimed was illegal.

We are compelled to agree with the latter contention. Goods in the hands of an officer under attachment are *in custodia legis*, and cannot be levied upon by any other officer pending the litigation of the case in which the attachment was issued. Drake, Attachment (7th ed.), §§ 251, 267, 331.

And the possession of any other person obtained by a delivery bond which requires a return to the officer, if return thereof shall be adjudged, leaves the goods in the same situation, so far as another levy is concerned, as though yet in

the hands of the officer who made the first levy.    See *Pipher v. Fordyce*, 88 Ind. 436; *Bates County National Bank v. Owen*, 79 Mo. 429.

It follows from what we have said that if this testimony was competent, its effect was to take from under the defendants the ground upon which their defense rested.    It was, therefore, error to receive it, or else it was error on the part of the court to refuse to give the plaintiffs the benefit of the situation disclosed by it.    In either case the error was sufficient to justify this court in ordering a new trial.

Other questions are suggested in the briefs, but they are not likely to arise upon a re-trial of the cause, and we, for that reason, shall leave them without further notice.

The judgment will be reversed and the cause remanded for re-trial.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.