[ No. 1620.  Decided February 20, 1895.]

J. M. ARTHUR, *Appellant*, v. TABOR A. SHERMAN *et al.*, *Respondents*.

ACTION ON REPLEVIN BOND — SIGNATURE BY AGENT — LIABILITIES OF PARTIES — RETURN OF GOODS — ESTOPPEL.

Although the names of the principals upon a redelivery bond given in an action of replevin were signed by their attorney without authority, yet the principals are bound by its conditions, when by means of the bond they have obtained possession of the property.

Under such circumstances, the sureties upon the redelivery bond are also bound, as against the obligee named therein, by signing under what appeared to be the signatures of the principals, thereby estopping themselves from questioning their genuineness.

The fact that, upon a special execution for the return of the property held under a redelivery bond, the sheriff visited the mill where the property was in the custody of a third person, who did not allow him to do anything further toward taking possession than to check up the different articles to see that all the property described in the execution was there, does not constitute such a taking of possession by the sheriff as to excuse a return of the property in compliance with the conditions of the bond.

The parties to such a bond are not relieved from liability for non-return of the property, as required by the judgment, by the institution of injunction proceedings by a stranger to the action after an opportunity had been given for the return of the property, if the judgment defendant had been in a position to make return.

*Appeal from Superior Court, Pierce County.*

*Greene & Turner*, for appellant:

Although the name of the principal upon a bond is forged, or signed by an attorney without authority, the sureties are bound. *York County Ins. Co. v. Brooks*, 51 Me. 506; *Chase v. Hathorn*, 61 Me. 505; *Loews' Adm'r v. Stocker*, 68 Pa. St. 226. See, also, upon the question of the signature of the principals, Brandt, Suretyship, § 127, and cases cited; *Bank v. Gay*, 21 S. W.

479; *Carter v. Moulton,* 32 Pac. 633 (37 Am. St. Rep. 259); *Bank v. Conrey,* 28 Miss. 667.

Whether the principals sign a redelivery bond in replevin or not, they are liable for a delivery of the property or its value in case judgment goes against them in the replevin suit. Their giving or not giving a bond does not enhance or relieve their liability. They are liable regardless of the bond. Cobbey, Replevin, § 1367. And as the sureties, by reason of their mere suretyship, are liable only in case of default of their principals, they have recourse against their principals, even though they have signed a valid bond to which the principals are not formal parties. And where in the body of the bond the principal is named but only sureties execute, and there is nothing in the nature of the bond to prevent its operating without the signature of the principals, execution is *prima facie* complete. *Parker v. Bradley,* 2 Hill, 584; *Decker v. Judson,* 16 N. Y. 439; *Grim v. School Directors,* 51 Pa. St. 219.

Under our statute the redelivery bond does not have to be signed by the defendants in the replevin suit. Code Proc., § 259. A replevin bond of sureties only, and on the same principle, it would seem, a redelivery bond of sureties only, is valid, if the statute allows such. *Cahill's Appeal,* 48 Mich. 616; *Phillipi Christian Church v. Harbaugh,* 64 Ind. 240.

The bond was delivered for the purpose of the principals' regaining possession of the property referred to in it, and by means of that delivery they did regain and accept possession of that property. Release of the property and delivery of the bond were in contemplation of law simultaneous acts, and the ratification and delivery took effect at the same moment.

*Crowley, Sullivan & Grosscup,* for respondents:

The pretended bond in this case is absolutely void. An attorney, as such, independent of other authority, cannot execute a bond for his client. *Murray v. Peckham,* 3 Atl. 662; *Clark v. Courser,* 29 N. H. 170; *Ex parte Holbrook,* 5 Cow. 35. In this case the bond tendered was not a bond at all. Upon its face it betrayed the fact that it was attempted to be executed by an agent. This brings it within the rule laid down in the case of *Fairhaven v. Cowgill,* 8 Wash. 686. We think the great weight of authority and reason is in favor of the doctrine that, in case of a bond, the sureties are not bound unless the same is signed by the principal. *Board of Education v. Sweeney,* 48 N. W. 302; *Johnston v. Kimball,* 39 Mich. 187 (33 Am. Rep. 372); 2 Am. & Eng. Enc. Law, 457; *Bean v. Parker,* 17 Mass. 591; *Wood v. Washburn,* 2 Pick. 24; *City of Sacramento v. Dunlap,* 14 Cal. 421; *Green v. Kindy,* 43 Mich. 279 (5 N. W. 297).

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover upon a bond given by the defendants in a replevin action to secure the return to them of property of which the plaintiff had obtained possession by filing the bond and affidavit required by the statute.

Three reasons are suggested why the action could not be maintained: First, that the bond was invalid; second, that under the execution issued in favor of the plaintiff in the replevin suit such action was taken by the plaintiff, or the sheriff in his behalf, as to be equivalent to a return of the property by the defendants in compliance with the conditions of the bond; and, third, that the defendants were prevented from making

return of the property by injunction proceedings instituted by one claiming adversely to plaintiff and defendants in the replevin action.

The objection to the bond is founded upon the fact that the names of the principals were signed thereto by G. L. McKay, their attorney, who, it is claimed, was not authorized by them so to do. Elaborate argument has been made by counsel in regard to the validity of the bond, but the view we take of the contract of the sureties will make it unnecessary for us to discuss many of the questions argued by counsel.

By means of the bond the principals obtained possession of the property, hence they are bound by its conditions. The only question is, as to the liability of the sureties. It is contended on their behalf that, since the signatures of the principals were unauthorized, the bond and their liability as sureties thereon must be construed as though there had been no signature by the principals. This contention cannot be sustained. In the absence of proof to the contrary, it will be presumed that the signatures to the bond were placed thereon in the order in which they appear. And, since the signatures of the principals by their attorney appear upon the bond before those of the sureties, it must be presumed that such signatures were there when the sureties signed. By signing under what appeared to be the signatures of the principals the sureties, as against the obligee named in the bond, must be held to have adopted such signatures, and to have estopped themselves from questioning their genuineness. It follows that the bond was of force against the sureties as well as the principals, and that they must abide its conditions.

It appeared from the proofs that upon the special execution for the return of the property issued to the

sheriff, he called upon the defendants, and sought of them possession of the property, or information as to its whereabouts, and was informed by them that they had nothing to do with the matter; that thereafter he visited a mill where the property in question was found, connected with other machinery, and in operation by one in no way connected with the replevin suit; that he was allowed to check up the different articles to see that all of the property described in the execution was there, but was not allowed to do anything further towards taking possession thereof. It was not made to appear that anything further than this had been done by or on behalf of the plaintiff to secure possession of the property, and in our opinion no such possession was obtained as to excuse the defendants from complying with their contract to return the property or pay its value. The condition of the bond was not that the defendants would allow the plaintiff to hunt up the property and get it if he could, but was that they would return it to him if he succeeded in the action. And while it is true that the property in question was so heavy and bulky as to make it difficult of actual manual delivery, and that the rule as to delivery is less strict as to such property than as to smaller articles, yet it was their duty to take such action as would enable the plaintiff to obtain actual possession of the property. Until they had done this, they had not returned it to him within the meaning of the statute and the conditions of the bond. The plaintiff had possession at one time after the suit to determine the title thereto had been commenced. The defendants could have allowed him to retain such possession and by so doing have escaped any liability to safely keep and produce the property. Instead of doing so they availed themselves of the provisions of the statute, and took

the goods from the plaintiff, and having been defeated in the action, are bound to see that the substantial possession is returned to him, or be held liable for the value of the property. The injunction proceedings instituted by a stranger to the replevin action, under the circumstances disclosed by the record, had no effect upon the rights of the parties. Such injunction was not issued until after the defendants had been given an opportunity to return the property, if they had been in a situation to do it, and sufficient demand for such return had been made upon them. Their failure to comply with such demand authorized the plaintiff to assume that a return of the property could not be had.

It follows that the bond was of force against the principals and sureties therein named, and that its conditions had been violated and a right of action thereon created in favor of the plaintiff.

The judgment will be reversed, and the cause remanded with instructions to enter a judgment for the plaintiff against the defendants for the value of the property as determined by the trial court in its findings of fact.

DUNBAR, ANDERS and GORDON, JJ., concur.