[No. 2125.  Decided June 23, 1896.]

JOHN U. BROOKMAN *et ux., Appellants*, v. STATE INSUR-
ANCE COMPANY OF OREGON, *Respondent.*

TIME FOR APPEAL — REDUCTION BY STATUTE — WHEN OPERATIVE UPON
PENDING APPEALS — REPLEVIN — SUFFICIENCY OF COMPLAINT.

An appeal taken within six months after judgment, pursuant to
the appeal act of 1893, is in time, although prior to the taking of the
appeal the act of 1895 was passed reducing the time in which an ap-
peal might be taken to ninety days, the latter act, however, not be-
coming effective until after said appeal had been taken.

Where it appears from the complaint in replevin that plaintiffs
have a special property in a certain hay crop, and are entitled to its
possession, the complaint is not subject to general demurrer, not-
withstanding it may be alleged therein that they hold a mortgage
on the crop, if, at the same time, it is made to appear that their
right to possession is not dependent upon their title as mortgagees.
(*Silsby v. Aldridge*, 1 Wash. 117, distinguished.)

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge.    Reversed.

*R. F. Laffoon*, for appellants.

*Hastings & Stedman*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—Respondent's motion to dismiss the
appeal for the reason that it was not taken in time
must be denied.    It was taken within six months after
the rendition of the judgment and before the act re-
ducing the time in which an appeal might be taken to
ninety days went into effect, and we are unable to
agree with the contention of respondent that the sav-
ing clause contained in said act had reference to the
date of its passage rather than to the date when it
went into effect.

The appeal was from an order sustaining a demurrer

to plaintiffs' amended complaint and from the judgment rendered thereon. The demurrer was general and should have been overruled if the complaint stated a cause of action.

Said complaint is too long for insertion in this opinion and it is sufficient to say that therefrom the following, among other facts, were sufficiently alleged: That the plaintiffs were the owners of a certain farm; that they leased the same to one C. T. B. Hall, reserving to themselves certain rights and privileges as to the hay crop to be grown thereon; that to secure the performance on the part of the said Hall of the conditions of the lease on her part, she, joined by her husband, executed a chattel mortgage upon the growing hay crop; that, under the conditions of the lease and mortgage, plaintiffs were entitled to the possession of the hay crop immediately upon its being harvested, if not before; that upon the crop being so harvested the plaintiffs were by said lease and mortgage authorized to take possession of the crop and sell it, and apply the proceeds to the payment of anything which might be due under the terms of the mortgage; that after the crop had been so harvested the plaintiffs had been requested by the lessee and mortgagors to take possession of the crop, as they could no longer care for and protect it; that plaintiffs had been prevented from taking possession in accordance with the terms of the lease and mortgage, and such request on the part of the lessee and mortgagors, by the wrongful action of the defendant; that the defendant had no right whatever in the property; that it wrongfully withheld the same from the plaintiffs; that demand for possession had been made before the suit was commenced. And, in our opinion, if these allegations,

were true the plaintiffs were entitled to possession of the property.

. It is probable that the superior court sustained the demurrer upon the authority of the case of *Silsby v. Aldridge*, 1 Wash. 117 (23 Pac. 836), and other like cases decided by this court. But an examination will show that in none of these cases was any such question decided as is here presented. Here the exact claim of the plaintiffs was fully set out in the complaint, and therefrom it clearly appeared that they had a special property in the hay crop, and were entitled to its possession, and these claims established by proofs would have been sufficient to authorize a judgment awarding plaintiffs the possession of the property that they might protect their interest therein.

There was no question of variance between the allegations of the complaint and the proof offered upon the trial, and since the right to possession is sufficient to maintain the action of replevin, a complaint which alleged facts showing the plaintiffs to have been entitled to possession and containing no allegations inconsistent with the assertion of such right stated a cause of action against one alleged to be wrongfully withholding such possession. The complaint in the case at bar not only contained the direct allegation that plaintiffs were entitled to possession, but set out fully facts which showed that such allegation was warranted by the circumstances surrounding the transaction out of which the rights involved in the action arose.

There has been an attempt on the part of respondent to sustain the action of the court below by reason of the alleged invalidity of the mortgage when attacked by creditors of the mortgagors, but there is nothing in the record upon which any contention in

that regard can be founded. It nowhere appears that the respondent was a creditor of the mortgagors or either of them. All that can be gathered from the complaint is that it was an interloper, and it was directly charged therein that it had no interest whatever in the property, and that the person through whom they had obtained possession had no interest therein. Under these allegations any question which might be raised by a creditor of the mortgagors was not involved in the determination of the issue of law presented by the general demurrer to the complaint.

The judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.

*Per Curiam.*—The argument in the petition for rehearing filed in this cause is founded entirely upon an alleged mistake of facts by the court in assuming that the lease and chattel mortgage referred to in the complaint were delivered as a part of the same transaction and should be construed together. In making an argument upon this foundation, petitioners must have overlooked certain allegations in the complaint. Every allegation contained therein which was well pleaded was confessed by the demurrer and must be taken as true. In the third paragraph of said complaint, after a statement as to the execution of the lease, it was alleged as follows:

"To secure said sums and the faithful performance of the covenants and conditions of said lease, and to secure the payment of a certain promissory note made by said C. J. Hall and George B. Hall to the plaintiff herein, John U. Brookman, and which the lessee, C. T. B. Hall, assumed and agreed to pay as a part of the consideration for the making of said lease, and to maintain the control and management of the

growing crop of hay in the plaintiffs, thereafter, on the 27th day of April, 1894, at the time of the delivery of the said instrument of lease and as a part of the same transaction, the said C. T. B. Hall, joined by her husband, Charles J. Hall, made, executed and delivered to the plaintiffs a certain contract and indenture of mortgage."

Which allegation taken as true made it the duty of this court to assume the facts to be as stated in its former opinion, that the delivery of the lease and mortgage constituted a part of a single transaction, and that such instruments must be construed together.

It follows that the assumption of a mistake as to the facts was without foundation.

Petition denied.