[No. 3642.    Decided February 19, 1901.]

BANCROFT-WHITNEY COMPANY, *Appellant*, v. RICHARD GOWAN, *Respondent*, S. B. FOLGER, *Appellant*.

CLAIM AND DELIVERY — BOND — JUDGMENT AGAINST SURETY.

Where judgment is entered in favor of defendant in an action of claim and delivery, it is error to include therein judgment against a surety upon the bond given by plaintiff for the purpose of obtaining possession of the goods at the commencement of the action.

CHATTEL MORTGAGE — DEFAULT — ACTION FOR POSSESSION OF GOODS.

Where a chattel mortgage gives the mortgagee the right, in case of default in payment, to take possession of the goods and retain them, such right of possession may be enforced by an action of claim and delivery.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

*Mitchell Gilliam*, for appellants:

Claim and delivery under our statute is purely a possessory action, and right of possession is all that is required. *Lazard v. Wheeler*, 22 Cal. 142. A lien created by a chattel mortgage, and giving the mortgagee right of possession upon default in the conditions of the mortgage, is sufficient to sustain an action of claim and delivery. *Jones v. Annis*, 28 Pac. 156; *J. I. Case Threshing Machine Co. v. Campbell*, 13 Pac. 324; Cobbey, Replevin, §§ 172, 173; Cobbey, Chattel Mortgages, § 482; Jones, Chattel Mortgages, § 706.

*Richard Gowan*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the plaintiff for the purpose of recovering from the defendant (re-

spondent) possession of a lot of law books described in
the complaint.   At the time of the commencement of the
action an affidavit and bond in claim and delivery were
lodged with the sheriff, and the property taken from the
respondent and delivered to the plaintiff.  The action was
founded upon a written instrument executed and deliv-
ered by the respondent to the plaintiff, of which the es-
sential part is as follows:

"State of Washington, county of Kittitas.

"Know all men by these presents: That I have pur-
chased from Bancroft-Whitney Co., of San Francisco,
Cal., the following named books [describing the books],
for which I am to pay the Bancroft-Whitney Co. the sum
of three hundred ninety-eight dollars as evidenced by
four notes, viz: [setting forth the notes] ; and the title
and property in said books is to remain in the said Ban-
croft-Whitney Co. until said books are paid for.  In case
I do not pay for the same at maturity, the said Bancroft-
Whitney Co. may take possession of said books and re-
tain the same, or may sell them, without taking possession
of them, and retain whatever was due thereon, and turn
over the balance to me; Provided, That the said Ban-
croft-Whitney Co. may perform any power herein con-
ferred on them by agent or attorney.  [Signed.]  Rich-
ard Gowan."

The complaint made the usual allegations based upon
the contract, and the respondent answered, making·a gen-
eral denial, with the exception of two or three counts in
the complaint, but did not allege in said answer that the
instrument was intended or agreed to be a chattel mort-
gage.   Afterwards respondent obtained leave to file an
amended answer, which contained an affirmative defense
to the effect that, at the time of the execution of the in-
strument, it was mutually understood and intended that
it should serve as a chattel mortgage on the property

therein described. This affirmative allegation of the answer was denied by reply.

At the commencement of the trial the plaintiff tendered to the respondent the notes mentioned in the instrument under consideration. At the time of the execution of the instrument the books in controversy were at Ellensburg, in Kittitas county, but before the commencement of the action they were brought by the respondent to Seattle, in King county, without permission of appellant to remove them. Upon the trial of the cause verdict was rendered in favor of the respondent, and judgment was subsequently entered, not only against the plaintiff, but against S. B. Folger, surety on the claim bond, and the entering of such judgment against Folger is one of the errors assigned in this case. For this error the judgment will have to be reversed. *Edison v. Woolery,* 10 Wash. 225 (38 Pac. 1025). This error is, however, admitted by respondent, and he asks that the judgment be modified to the extent that Folger be acquitted from the judgment, but that it remain in force against the plaintiff. But, as we view the law on the other propositions involved, the modification asked for would be of no avail.

The question of whether the contract was a chattel mortgage, under the affirmative allegations of the answer, was submitted to the jury under the following instructions:

"1. The object of a chattel mortgage is to give security either for an antecedent indebtedness or an indebtedness accruing at the time of the execution of the instrument. A mortgage gives to the mortgagee no title to mortgaged property. It only creates a lien, which can only be enforced by a suit in a court of competent jurisdiction, or by notice and sale in the manner prescribed by statute.

"2. If you find from the evidence that the instrument

in evidence was given as security for a debt previously existing, then its effect would be that of a chattel mortgage, and your verdict should be for the defendant.

"3.    A mortgage gives to the mortgagee no title to the property.    The rule used to be different.    The mortgagee having no title to the property, an action of this kind cannot be sustained if the instrument was intended to be a mortgage."

These instructions are assigned as error.    It was the view of the court, and it is contended by the respondent, that, under the rule announced by this court in *Silsby v. Aldridge,* 1 Wash. 117 (23 Pac. 836); *Kerron v. North Pacific L. & M. Co.,* 1 Wash. 241 (24 Pac. 445), and *McClellan v. Gaston,* 18 Wash. 472 (51 Pac. 1062), conceding the instrument to be a chattel mortgage, the mortgagee had no title to the property, and action of replevin would not lie to obtain possession of the same; that in this state the chattel mortgage is only a lien, and title can be acquired only by foreclosure and sale under the statutory procedure by notice and sale.    In the cases cited by respondent and relied upon by him the question here was not involved.    We held in *Silsby v. Aldridge, supra,* that the chattel mortgage, which was the ordinary chattel mortgage, did not convey to the holders any title to the property in question; that, under the Code, the possession of the property could be obtained only in the manner pointed out.    But there was no question there as to whether the instrument was a mortgage or whether it had actually conferred title and power to take possession.    In *Kerron v. North Pacific L. & M. Co., supra,* the instrument which was under construction was in its form the ordinary chattel mortgage, and the cause was reversed on the doctrine announced in *Silsby v. Aldridge, supra.*    In *McClellan v. Gaston, supra,* it was held that a provision in a chattel mortgage, authorizing the mort-

gagee, in case of default or insecurity of the debt, to take possession of the mortgaged property, using all necessary force to do so, did not warrant the mortgagee or the sheriff in taking possession thereof over the objection of the mortgagor, but that, in the absence of the mortgagor's con‐ sent, the contract could be enforced only by due process of law. This was upon the express ground that the mort‐ gagee had no right to commit a breach of the peace to ob‐ tain his contract rights. But, whatever may be the con‐ clusion reached by the courts in relation to the right of the mortgagee to bring an action for posses‐ sion where there is no provision in the instrument em‐ powering the mortgagee to take possession on default of payment, in this case express authority is granted by the provisions of the instrument itself. Neither did the plaintiff, as in the case of *McClellan v. Gaston, supra,* undertake to enforce its remedy outside of the law, but it has brought itself within the terms of the contract, and the contract is not susceptible of construction. Its terms are too definite, direct, and plain to be varied by oral testimony. It provides that the Bancroft-Whitney Com‐ pany may take possession of said books and retain the same, or may sell them without taking possession of them. With this right plainly and unequivocally guar‐ anteed to the company by the contract, it was warranted in bringing the action in the form in which it did bring it, for the purpose of obtaining possession of the prop‐ erty. With this view of this proposition, it becomes un‐ necessary to review the other errors alleged.

The judgment is reversed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.