[No. 18898.  Department Two.  February 20, 1925.]

MacCallum-Donahoe Finance Company, *Appellant,*
v. John Doe Warren *et al., doing business as*
*Warren Brothers, Respondents.*[1]

Trial (63)—Direction of Verdict—Power of Court. In replevin, upon setting aside a verdict for damages for detention of property on the ground of insufficiency of the evidence, the court might order a new trial, but is without power to direct a verdict for the value of the property only.

Appeal (385)—Review—Right to Allege Error—Invited Error. Respondent having waived its right to a new trial on condition that the court set aside a finding of special damages for detention of property replevined, cannot allege the error thus invited in denying a new trial.

Replevin (57)—Redelivery Bonds—Retention of Property by Principal—Liability—Judgment. In replevin, judgment will be entered against the surety on the redelivery bond, where counsel orally admitted that it should have been so entered and no question remains to be tried in an independent action.

Appeal from a judgment of the superior court for Lewis county, Abel, J., entered June 10, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action of replevin. Reversed.

*George L. Spirk,* for appellant.
*Fred M. Bond,* for respondents.

Tolman, C. J.—This case was before this court on a prior appeal (*MacCallum-Donahoe Finance Co. v. Warren,* 122 Wash. 176, 210 Pac. 368). On that appeal the judgment was reversed and the cause remanded with instructions to retry the case upon the question of damages for the detention of the car, and its value in case it were not redelivered, the value to be found as of the time respondents came into possession of the car.

[1]Reported in 233 Pac. 7.

The case was retried to a jury, which found a verdict in favor of the appellant, fixing the value of the car at the sum of $1,400 as of the date when respondents came into possession, and allowing to the appellant the sum of $250 as damages suffered by reason of the detention and retention of the car up to the time of trial. Respondents interposed a motion for a new trial, and that coming on to be heard, the trial court made an order denying that motion, in which order it is recited:

"   .  .  .   and at the time of the argument counsel for defendant in open court waived the right to a new trial in said action providing the court would set aside and hold for naught special finding No. 2 of said jury, which finding was to the effect that the damages suffered by plaintiff by reason of the detention of the automobile by defendant from March 16, 1920, to the time of said trial was the sum of $250.00."

And the court ordered:

"Now, therefore, it is ordered that the special finding and verdict of the jury No. 2 which is as follows, to-wit: '2.   What are the damages suffered by the plaintiff by reason of the detention of said automobile by the defendants from March 16, 1920, until the present time? $250.00 A. F. Scherer, Foreman,' be, and the same is hereby set aside and held for naught for the reason the evidence is insufficient to warrant said verdict or to warrant said or any judgment upon said verdict, to which order the plaintiff excepts, and its exception is hereby allowed."

Thereafter the court entered a judgment in favor of the appellant as plaintiff and against the respondents as defendants for the sum of $1,400, with interest from March 5, 1924, and costs, and the plaintiff has appealed from such judgment in so far as the same refuses and fails to allow to it the sum of $250 damages as found and assessed by the jury, or in lieu thereof interest upon the amount found by the jury as

the value of the automobile, from March 16, 1920, and to allow judgment against the principal and surety on the redelivery bond given by the defendants, and also from that part of the order denying the motion for a new trial which sets aside and holds for naught the verdict of the jury allowing $250 damages for detention of the automobile.

It is the contention of the respondents that the special verdict of the jury allowing damages was properly set aside because the evidence was insufficient to justify such verdict, but the question of the sufficiency or insufficiency of the evidence is not now here. Assuming for present purposes that the trial court was correct in his opinion that the evidence was sufficient to warrant that finding, it was his duty and within his power to set aside the verdict and to grant a new trial, but manifestly it was not within his power to set aside the verdict, denying to the plaintiff a jury trial upon the question of damages and find that no damages had been thus suffered. That question had never been submitted to him. Respondents appear to have invited the error, and as a consequence, even had they cross-appealed, which they have not, they cannot now urge that a new trial should be granted to them, nor complain of or in any manner attack the invited error which denies them a new trial.

Upon the question of whether judgment should run against the principal and surety upon the redelivery bond, little need be said. The statute is silent upon the question, but where, as here, the principals in the bond elected to retain the replevined property of which they repossessed themselves by the giving of the bond and bound themselves to pay any sum which might be recovered against the defendants in this action, there can remain no question to be tried in an independent suit on the bond. Counsel for respondents in his oral

argument seems to admit the judgment should thus go, and indicates that it was only by oversight that judgment was not so entered originally. In the light of that admission it has not seemed necessary to lay down any rule to be applied to other cases, and we therefore simply hold that in this case, under the admission of counsel, judgment should be so entered.

The judgment appealed from is reversed, with directions to enter judgment on the verdict for the total of the two items found by the jury, the value of the automobile at the time it was taken, $1,400 and damages for its detention, $250, or $1,650, together with interest and costs as in the judgment appealed from, the judgment also to run against the surety on the redelivery bond.

HOLCOMB, MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.