[No. 24346. Department Two. March 6, 1933.]

CHARLES JOHNSTON, *Appellant*, v. WILLIAM KARJALA *et al., Respondents.*[1]

[1]Reported in 19 P. (2d) 948.

123

*F. L. Morgan,* for appellant.

*Geo. D. Abel* and *O. M. Nelson,* for respondents.

TOLMAN, J.—This is an action on a redelivery bond given on behalf of the defendant in a replevin action. The cause was tried to the court, resulting in a judgment of dismissal, from which the plaintiff has appealed.

The facts necessary to the determination of the questions now presented are, briefly stated, substantially as follows:

On August 14, 1931, appellant, as plaintiff, commenced the original action in the superior court for Grays Harbor county for the recovery of the possession of a ten-ton Caterpillar tractor then in the possession of the defendant William Karjala. Apparently, the plaintiff then gave the necessary statutory bond, as required by Rem. Rev. Stat., § 709, for the purpose of securing immediate possession of the property involved. The sheriff took posesssion of the property, but before he delivered it to the plaintiff in the action, the defendant tendered a redelivery bond, in form as

required by Rem. Rev. Stat., § 711, with the respondents here (other than William Karjala) as sureties thereon.

On August 17, 1931, the plaintiff in the replevin action executed an instrument by which he excepted and objected to the number and sufficiency of the sureties on the redelivery bond, and demanded that they appear (no time fixed) before the court and justify, as provided by law. This demand was filed in the office of the clerk on August 20, 1931, but the record is silent as to its ever having been served upon the defendant in that action or on the sureties on the redelivery bond. Nor does the record disclose what, if anything, was done under it. It does appear that the sheriff recognized the sufficiency of the redelivery bond by returning the property to the defendant in the action.

Since Rem. Rev. Stat., § 712, requires the sheriff to hold the property until the sureties on the redelivery bond justify, if justification be demanded, or until justification has been expressly waived, we are bound to conclude that, in this case, either the demand for justification was never served, that the sureties properly justified, or that justification was expressly waived, otherwise the property would not have been returned to the defendant in the replevin action.

Thereafter, the cause came on for trial, resulting in findings of fact and conclusions of law favorable to the plaintiff, entered on December 4, 1931, and a judgment entered on January 8, 1932, awarding the property in dispute to the plaintiff, fixing its value at the time the redelivery bond was given at $1,309.83, and

"That in case the property cannot be restored to the owner in as good condition as at the time the said property was repossessed, that the plaintiff do have and recover judgment of and from the said William Karjala and from his bondsmen, A. Karjala and Anna Karjala, and E. L. Kuper and H. F. Kuper, in the sum

of thirteen hundred nine and 83/100 ($1309.83) dollars, together with his costs and disbursements in this action.''

The judgment also provided for a recovery as against the defendant William Karjala alone, as the value of the use of the tractor,

''From the 15th day of August, 1931, to the 19th day of September, 1931, for each working day of said term, in the sum of twenty and no/100 ($20) dollars per day, in all to the sum of six hundred and no/100 ($600) dollars, and in the additional sum, as this day found by the court, for a period of thirty-four days at the rate of ten and no/100 ($10) dollars per day, or in all to the sum of three hundred forty and no/100 ($340) dollars, making a total of nine hundred forty and no/100 ($940) dollars.''

The tractor was not redelivered to the plaintiff upon the entry of the judgment, and some time thereafter, upon a showing made, a show cause order was issued directed to one not a party to the action, in whose possession the tractor was alleged to be, and upon his return and a hearing thereon, the trial court on June 4, 1932, made a peremptory order directing such third person to forthwith restore and deliver the tractor to the plaintiff in the action, which order was apparently complied with.

Prior to the return of the tractor, as above indicated, the present action was instituted on the redelivery bond. Much of what we have said was detailed in the complaint, but it is alleged that the judgment for the return of the property had not been complied with, that the tractor had passed out of the possession of the defendant and had been damaged, destroyed and become of no value. By this action, appellant sought, first, the value of the property as fixed by the judgment in the original cause, but of course that demand was afterwards waived by accepting return of the trac-

tor. His second demand is for $250 attorney's fees in the replevin action; third, for judgment against the sureties for $940, the value of the use of the property from the time it was repossessed to the date of the judgment in the original cause, and finally, for judgment against the sureties for the value of the use of the tractor from the date of the judgment, January 8, 1932, to the date of its return on June 4, 1932, at the rate of $20 per day. And seemingly, from the briefs and argument here, he is also claiming attorney's fees in this suit on the bond.

The defendants answered, among other things raising the defense that, by accepting a return of the property, the appellant thereby released both the principal and the sureties upon the bond from all other and further liability in relation to the subject matter. The cause was tried to the court, sitting without a jury, and the court made findings of fact and conclusions of law which, in substance, sustained the defense specifically mentioned and thereafter entered a judgment of dismissal.

Logically, the first question would seem to be: Is the appellant entitled to recover in this action for the taking and detention of the property under the redelivery bond during the period preceding the entry of judgment in the replevin action?

At first thought, it would seem that he should have asked for such a judgment against the sureties in the original action, but our attention is called to the early cases of *Eidson v. Woolery*, 10 Wash. 225, 38 Pac. 1025, and *Bancroft-Whitney Co. v. Gowan*, 24 Wash. 66, 63 Pac. 1111, which lay down the rule that, in replevin actions, where the plaintiff fails, it is error to enter judgment against the sureties on his bond for anything more than the return of the property or its value. Our attention has been called to no decision which over-

rules or modifies these cases. In *MacCallum-Donahoe Finance Co. v. Warren,* 133 Wash. 106, 233 Pac. 7, judgment for damages was directed against the sureties in the original replevin action, but only by reason of the consent of the parties, and the court rather plainly indicated that no rule was thereby established.

A reading of the statute, Rem. Rev. Stat., §§ 709 and 711, reveals that the plaintiff's bond and the defendants' redelivery bond are, allowing for the reversal of the parties, practically identical, and one may be said to be the counterpart of the other. That being true, the same rule should govern both, and if it be error to enter judgment against the sureties in the original action in the one case, it should also be error to so enter judgment in the other case. In any event, the plaintiff in the original action did not there ask for judgment against the sureties on the detention issue. The question was not there adjudicated as to the sureties, and there would seem no good reason, in the absence of a statute making that course obligatory, why he should not now recover in a suit on the bond.

As to the amount of the recovery, the trial court in the original case, where the question was in issue as between the plaintiff and the defendant therein, and who saw and heard the witnesses, rendered a judgment against the defendant for $940 on that issue. True, the sureties were not there called upon to defend that issue, and, perhaps, for that reason are not bound by that part of the judgment; but, if so, under the evidence in this case, later discussed, we see no reason why judgment should not be entered against them in that amount.

█ The next question is: May appellant recover from the sureties on the redelivery bond for the detention of the property after the rendition of the original judgment awarding its return to the plaintiff?

128

The terms of the statute and of the bond are mandatory. Both require the affirmative act of delivery, if delivery be adjudged. In an early case, Chief Justice Hoyt, speaking for this court, said:

"The condition of the bond was not that the defendants would allow the plaintiff to hunt up the property and get it if he could, but was that they would return it to him if he succeeded in the action. And while it is true that the property in question was so heavy and bulky as to make it difficult of actual manual delivery, and that the rule as to delivery is less strict as to such property than as to smaller articles, yet it was their duty to take such action as would enable the plaintiff to obtain actual possession of the property. Until they had done this, they had not returned it to him within the meaning of the statute and the conditions of the bond." *Arthur v. Sherman,* 11 Wash. 254, 39 Pac. 670.

This seems to be the general rule, and apparently it has never been questioned in this state during the years which have elapsed since that decision was rendered.

That being the law, there was an immediate breach of the bond upon failure to return the property as adjudged, and the obligee in the bond is entitled to recover his actual damages caused by such breach.

There is testimony in the case to the effect that the reasonable value of the use of such a tractor is twenty dollars per day, and there is also testimony to the effect that the appellant had hired out this tractor for $32.50 per day, he furnishing the operator, the oil and gas, and providing any repairs which might be required. On that basis, the value of the use of the tractor alone could hardly exceed ten dollars per day, and we doubt whether any prudent man would long hire a tractor even at ten dollars per day which could be purchased for $1,300. In other words, for some special work or for a short period of time, one might hire such a tractor with its driver for twenty dollars

or more per day, or without a driver for ten dollars per day, rather than buy a tractor for which he had no permanent use. But over such a long period of time as that elapsing between January 8 and June 4, following, with no allowance whatever for bad weather, for breakdowns or other interruptions, more or less bound to occur, we cannot believe that anyone would willingly engage to pay the value of the tractor, or more, for its use, and then be bound to return it in good condition.

While we hold that the appellant is entitled to recover his reasonable and actual damages caused by the failure and refusal to perform the judgment and return the tractor, yet, on the record now before us, we prefer not to direct a judgment but to return the case to the superior court for a new trial on this issue.

■ As to the attorney's fees, we see no ground for a recovery. The giving of the redelivery bond did not change the issues or add to the plaintiff's burden in the replevin suit in any degree, or at all. Had no redelivery bond been given, he would have been obliged to prove his case by the usual preponderance of the evidence, and in that respect he has not been damaged by the redelivery of the property to the defendant.

We know of no statute which provides for the allowance of an attorney's fee by the court to anyone who successfully prosecutes a replevin action or a suit on a redelivery bond. Both suits are, we think, governed by the rule which applies in all ordinary civil actions, and in each the appellant may recover only such attorney's fees as the statute provides shall be taxed as costs in civil actions.

Reversed, and remanded for further proceedings in accordance with the views herein expressed.

BEALS, C. J., STEINERT, and MAIN, JJ., concur.

130

BLAKE, J. (concurring)—I concur in the result. I do not agree that appellant is entitled to recover damages from the sureties on the bond on account of detention of the tractor *subsequent* to the entry of the judgment in the replevin action. That judgment *liquidated* the liability on the bond. 34 Cyc. 1584; Wells on Replevin (2d ed.), § 540; *Walls v. Johnson,* 16 Ind. 374; 54 C. J. 648; 2 Sedgwick on Damages (9th ed.), § 689a. By that judgment, appellant was entitled to the property or its value. By accepting the property, he waived his right to its value as fixed by the judgment in the replevin action. If the majority would accept the logic of the rule announced, they would have to direct judgment of not less than $1,470 to be entered on account of damages for detention of the tractor *subsequent* to the entry of judgment in the replevin action. So that appellant would have his tractor and its value too.

While the quotation from *Arthur v. Sherman,* 11 Wash. 254, 39 Pac. 670, apparently supports the rule, as stated by the majority, what was said was unnecessary to the decision, since the action was to recover the value of the property as fixed by the judgment in the replevin suit. The court, on page 259, says:

"The judgment will be reversed, and the cause remanded with instructions to enter a judgment for the plaintiff against the defendants for the value of the property as determined by the trial court in its findings of fact."

Obviously, that action was maintained in contemplation of the rule of *Eidson v. Woolery,* 10 Wash. 225, 38 Pac. 1025.