NATHAN HERRICK *vs.* MARY AMMERMAN.

December 18, 1884.

**Justice's Judgment docketed in District Court—Evidence.**—After the filing of a transcript of a justice's judgment in the office of the clerk of the district court, and the entry of such judgment in the docket of district court judgments, exemplifications of such transcript and docket entry, attested by the clerk, with the seal of the court annexed, are competent evidence to prove the judgment.

**Same—Execution from District Court presumed Valid.**—It is not nec-essary that a party claiming title to real estate sold on execution issued out of the district court on such judgments, should affirmatively prove that execution had been previously issued by the justice; the presumption.

being that the clerk of the district court acted in accordance with law. What the effect would be if it affirmatively appeared that no execution had, in fact, been issued by the justice, not considered.

**Execution Sale of Land—Description in Notice, etc., held Insufficient.** Upon a sale of real estate upon execution the description of the premises contained in the notice of sale and certificate of sale was "lot 5, block 39," without stating in what village or city. *Held,* that it was too imperfect and incomplete to identify the property which was the subject of the sale.

Appeal by plaintiff from an order of the district court for Morrison county, *Collins,* J., presiding, refusing a new trial.

*Edward Savage,* for appellant.

*Searle, Searle & Tolman,* for respondent.

MITCHELL, J. Action of ejectment to recover possession of premises situated in Morrison county, described as lot 5, block 39, in the village of Little Falls, according to the plat thereof on file. The plaintiff claims title under a sale on executions issued out of the district court for Hennepin county, on three judgments against the "Little Falls Manufacturing Company," then the owner of the premises. Two of these judgments purported to have been rendered by a justice of the peace in Hennepin county, transcripts of which were filed, and the judgments docketed, in the office of the clerk of the district court in that county, and then transcripts of these docket entries filed and docketed in the office of the clerk of the district court in Morrison county.

1. We are of opinion that, under the provisions of sections 72 and 73, chapter 65, Gen. St. 1878, after the filing of transcripts of justices' judgments, and the entry of such judgments by the clerk of the district court in the docket of district court judgments, they become, in effect, judgments of the district court; at least, so far as their enforcement against real estate is concerned. The judgments being then a matter of record in the district court, exemplifications of the transcripts there on file, and of the docket entries in the judgment docket of the court, attested by the clerk, with the seal of the court annexed, are competent evidence to prove the judgments. These are not transcripts of the justice's docket, but exemplifications of the rec-

v.32—35

ords and files of the district court. Hence they are to be authenticated by the clerk of that court. *Tuttle* v. *Jackson*, 6 Wend. 213; *Upham* v. *Damon*, 12 Allen, 98. The objection that they were incompetent because there was no certficate that the person by whom the judgments were rendered was a justice, as required by Gen. St. 1878, *c.* 65, § 75, and chapter 73, § 84, was, therefore, not well taken.

2. It was objected that no foundation was laid for the introduction in evidence of the executions issued out of the district court, because it had not been proved that executions had been previously issued out of justice's court. It is sufficient for the purposes of this appeal to say that the presumption of law is that the clerk of the district court did his duty, and did not violate the statute. What would be the effect if it affirmatively appeared that no executions had ever been issued by the justice, it is not necessary now to consider.

3. The only remaining question is as to the sufficiency of the description of the premises in the sheriff's certificate of sale. A large number of tracts were sold on these executions. The descriptions in the certificate are as follows: "The following described real estate, lying, being and situated in said county of Morrison (state of Minnesota) and described as follows: S. E. ¼ section 8, township 40, range 32." (Here follow other tracts described according to the United States survey.) "Lot 2, block 28; Lot 2, block 33; Lot 5, block 39. Also a piece of land between Main street and the Mississippi river, on the west side of and adjoining blocks 9, 10, 11, and 12, in the town of Little Falls."

We are clear that by no fair or reasonable rule of construction can the words "in the town of Little Falls," used in locating the last tract, be held to refer back to and made part of the description of the preceding tracts. They clearly refer only to blocks 9, 10, 11, and 12, adjoining which the last tract was situated, which itself is not described as being in that town. Neither is the description aided by the description in the notice of sale which is referred to in the certificate as attached thereto. For, assuming that this mode of aiding the description in the certificate is competent, the descriptions are identical. The description, therefore, is in substance this: "Lot 5, block 39, in

the county of Morrison and state of Minnesota." It must be borne in mind that this certificate takes effect only as the execution of a statutory power, and hence should be construed with some strictness, so as to enable the purchaser to identify the land he is bidding on, and the owner to ascertain what to redeem. A description sufficient to convey land between man and man, or which, if contained in an agreement to convey, would authorize a decree of specific performance, might not be sufficient in proceedings to sell land on an execution.

When real estate is sold on legal process, it ought certainly to be described with sufficient certainty to enable a person of common understanding to identify it. This is what the statute (Gen. St. 1878, c. 66, § 317) requires the notice of sale to contain, and certainly the certificate should contain as much. Looking at this as a practical question, and without refining on the technical distinctions between latent and patent ambiguities, it must be evident that this description would neither inform a purchaser what he was buying, nor the debtor what had been sold. It is palpably so imperfect and incomplete that the subject of the sale and conveyance could not be ascertained from it. If such a description were found in a conveyance between man and man, it is possible that it could be aided by evidence of extrinsic circumstances tending to show the intention of the parties. But in these proceedings the owner of the land intended nothing. The law, through its officers, was acting in hostility to him, with a view to enforce collection of the judgments.

The plat of the village of Little Falls cannot aid the description. It simply shows that there is a lot 5, block 39, in that village.

Order affirmed.