[No. 2477. Decided September 8, 1897.]

THE NATIONAL BANK OF COMMERCE OF SEATTLE, *Appellant*, v. LUKE LOCK *et al.*, *Defendants*, SEATTLE & RAINIER BEACH RAILWAY COMPANY, *Respondent.*

VENDOR'S LIEN — ASSIGNMENT—MORTGAGES — SUFFICIENCY OF DESCRIPTION.

Upon assignment of a promissory note for the purchase price of land, the vendor's lien upon the land passes also.

A mortgage, decree of foreclosure, and sheriff's deed covering the property of a railway company, which describes the property as all the property, real, personal and mixed, now owned or hereafter to be acquired by said railway company, will not create a lien upon or pass title to a piece of real estate owned by the railway company but not used by it in connection with the operation of its road, as against a purchaser of such real estate from the mortgagor.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Reversed.

*Smith & Cole*, for appellant.
*Josiah Collins*, and *L. B. Stedman*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On March 16, 1891, the Rainier Avenue Electric Railway Company was the owner in fee simple and in possession, free from incumbrance, of the east half of lot 20 (excepting a strip 66 feet wide off the south side thereof), of the plat of Lake Dell in King county, Washington, containing two acres of land. On that date said company executed and delivered to defendant Luke Lock a bond for a deed of said two acres, agreeing on or before two years to convey said premises to Lock, provided Lock on or before said two years paid to it the sum of $600 with ten per cent. interest. Lock at that time, in consideration of the bond, executed and delivered to the order of the said Rainier Avenue Electric Railway Company his promissory note for $600, payable on or before two years from said date, bearing ten per cent. interest. Lock entered into possession of the land, erected a dwelling house thereon and made other improvements, remaining in possession until about September, 1894, when he left the premises. On October 1, 1892, the note was transferred by the Rainier Avenue Electric Railway Company to the appellant, the National Bank of Commerce of Seattle. At the time said note was assigned appellant was informed by said payee, the Rainier Avenue Electric Railway Company, that the payment of the note was secured by a lien upon real estate near Columbia, which is in the vicinity of said two acres of land. There is no dispute but that the plaintiff is still the owner and holder of said

34—17 WASH.

note, no part of which has ever been paid.  In fact, the court found that the plaintiff was the owner and holder of said note.  Prior to the transfer of this note, viz.: on August 20, 1892, the Rainier Avenue Electric Railway Company executed to one Edmiston a mortgage to secure payment of a promissory note, which said mortgage was, on October 7, 1892, duly filed for record in King county. Said note and mortgage were thereafter, for a valuable consideration and before maturity, assigned to Charles E. Cotting, who foreclosed said mortgage.  At the sheriff's sale under said proceeding the property was purchased by F. H. Osgood, who subsequently sold the same to defendant, the Seattle & Rainier Beach Railway Company.  This action was brought to foreclose the lien of the National Bank of Commerce of Seattle on the said two acres of land.  The bond given to Lock was never recorded.  At the trial, however, the allegations of the complaint in reference to the execution and delivery of the bond for the deed were proven, also the execution and delivery of the $600 note to said Rainier Avenue Electric Railway Company, and the assignment to plaintiff of the $600 note.

None of the defendants except the Seattle & Rainier Beach Railway· Company appeared to contest plaintiff's claim to said two acres.  Said defendant (respondent here) offered in evidence the mortgage of the Rainier Avenue Electric Railway Company to Edmiston, the sheriff's deed to Osgood, and the deed from Osgood to defendant, the Seattle & Rainier Beach Railway Company.  The conclusion of the court was, after finding the facts which were substantially conceded, that the plaintiff had no interest; that plaintiff's complaint should be dismissed for lack of equity, and that the defendant, the Seattle & Rainier Beach Railway Company, is the owner of said premises free and clear from any right, title or interest that said

Lock may have therein by, through or under the bond or agreement hereinabove referred to.

It is contended by the appellant that with the assignment to defendant of the Lock note of $600, there passed also the lien on said two acres. This contention, we think, is correct under the authorities. 2 Jones, Liens, § 1119; *Gessner v. Palmateer*, 89 Cal. 89 (24 Pac. 608).

And it is insisted that if this be true there can be no adverse claim raised to plaintiff's title thereto except by the defendant, Seattle & Rainier Railway Company. It is also insisted by the appellant that the mortgage executed to Edmiston by the Rainier Avenue Electric Railway Company was too indefinite in its description to establish a lien upon the land in question, and that the sheriff's deed to Osgood, the purchaser at the foreclosure sale, and the deed from Osgood to defendant, the Seattle & Rainier Beach Railway Company, were equally indefinite and fatal to the interests of the respondent. It is conceded that the respondent obtains its title, if title it has, through these instruments. In none of these instruments is the land in question referred to other than in the general description of all the property, real, personal and mixed, now owned or hereafter to be acquired by the Rainier Avenue Electric Railway Company. The decree and order of sale provide that "said mortgaged property shall be sold as an entirety in one lot and shall not be severed or sold in parcels, but the same shall be sold absolutely and without any right of redemption, statutory or otherwise, after such sale."

It is contended by the respondent that there was no lien incident to the transfer or assignment of the Lock note, for the reason that it was given as security for the payment of the note already in existence. But it seems to us that under the finding of the court that the plaintiff was owner

and holder of said note and that it had not been paid, the manner in which it came into possession or ownership of it would not be material. The authorities are uniform in holding that a deed of this kind is invalid so far as the property not described is concerned.

Passing the want of description in the other exhibits, Mr. Freeman in his work on Executions, vol. 2 (2d ed.), § 281, says:

" So the deed, being the conveyance of the defendant's title, and the final evidence of the extent of the purchaser's acquisition, ought to be specific and free from ambiguity."

Again:

" Where the description is so imperfect that it cannot be ascertained therefrom what property was levied upon or sold, the proceedings must be regarded as void, and, as a general rule, cannot be supported by showing by the officer what he intended to sell."

The description in all these exhibits, it must be seen, is of the character spoken of by the author. It would be impossible from the mortgage recorded, from the notice of sale or from the deed, for a person to tell that the particular land in question here was mortgaged, levied upon or sold. See, also, 2 Devlin, Deeds, § 1432; *Herrick v. Ammerman*, 32 Minn. 544 (21 N. W. 836).

Our statutes provide that the execution enforcing the decree shall contain a description of the mortgaged property. They also provide (Code Proc., § 500), that the notice of sale shall particularly describe the property to be sold. This rule of law in fact is not gainsaid by the respondent, but he insists that the law is different when applied to mortgages given by railroad companies, and many cases are cited to sustain the proposition that a decree ordering the sale of a railroad and of property rights and franchises thereunto appertaining or thereafter ac-

quired would be construed to cover the entire real estate owned by such company at the time of making the mortgage, and real estate subsequently acquired.

We have examined the cases cited by the respondent, but do not consider them in point from the fact·that the cases involve real estate which was owned and operated for railroad purposes; for while the courts unquestionably hold this to be the law, none of them have gone to the extent of holding that this rule applies to land that is not owned by the companies for the purpose of aiding the operations of the railroad; but the inference, and even the announcement, in many of the cases cited is exactly to the contrary. It does not appear that this land was in any way connected with the operation of the road. In fact, it was situated a considerable distance from the road, and could not have been used in the operation of the road. No one would, therefore, have had notice of the transfer of this land either by the mortgage or any subsequent proceeding. In fact, in this case Osgood, the execution purchaser and respondent's grantor, frankly testified that he had no knowledge at the time of his purchase at said sheriff's sale that he was acquiring any title to the property in litigation herein; also that he had no knowledge that he was conveying any interest or title in or to said land in his deed to defendant, and that said respondent herein did not know of any claim or title that it had to said land until approached by counsel for plaintiff in regard to the same about the time of the beginning of the present action.

We think the court misunderstood the law relative to mortgages by railroad companies and that it committed error in its conclusions of law. The judgment will, therefore, be reversed and the cause remanded with instructions to grant the prayer of the plaintiff.

SCOTT, C. J., and REAVIS and ANDERS, JJ., concur.