[No. 14961.  Department Two.  March 19, 1919.]

GRANT DYER, *Respondent*, v. TITLE GUARANTY & SURETY COMPANY, *Appellant*.[1]

TRIAL (61)—TAKING CASE FROM JURY—INSUFFICIENCY OF OPENING STATEMENT. Counsel's opening statement that plaintiff was a "nominal" plaintiff is not an admission that he was not the real party in interest, within Rem. Code, § 179, where the complaint alleged that the claims sued on were assigned to him, and that he was the owner thereof, and the proof showed a written assignment.

PARTIES (3) — ASSIGNMENTS (29) — RIGHT OF ASSIGNEE TO SUE. An assignee of assigned claims for the purpose of collection only may maintain an action thereon as the real party in interest, within Rem. Code, §179; since he is the legal owner and his assignor is estopped to assert otherwise, under Rem. Code, § 191.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered January 19, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action for services performed. Affirmed.

*King & Kerr*, for appellant.

*Lawrence H. Brown*, for respondent.

PARKER, J.—The plaintiff Dyer commenced this action, as assignee of F. W. Dewart, in the superior court for Spokane county, seeking recovery upon claims for services rendered by Dewart as an attorney and counselor at law for the defendant surety company. A trial upon the merits in that court, sitting

[1]Reported in 179 Pac. 834.

with a jury, resulted in verdict and judgment in favor of Dyer for the full amount claimed, from which the surety company has appealed to this court.

It is first contended in behalf of the surety company that there has been a failure on the part of Dyer to show that he is the real party in interest as plaintiff, and that, therefore, the trial court erred in refusing to direct a verdict in favor of the surety company, as requested by its counsel, who invoke the provisions of Rem. Code, § 179, that "Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law." It was alleged in the complaint, and not denied in the answer, that the claims sued upon were assigned in writing by Dewart to Dyer, and that the latter was the owner thereof prior to and at the time of the commencement of the action; besides, a written assignment to that effect was introduced in evidence.

It was, however, stated by counsel for Dyer, in making his opening statement to the jury, that "Mr. Dyer is a nominal plaintiff in the case." This statement is relied upon by counsel for the surety company as an admission that Dyer is not the real party in interest. We do not think this is such an admission, within the meaning of the words "real party in interest," as used in § 179, above quoted. If Dyer was possessed of the legal title to the claims so assigned to him, he possessed such an interest therein as enabled him to maintain an action thereon, though the claims were assigned to him by Dewart for the purpose of collection only. We think the remark of counsel for Dyer, made in his opening statement, did not mean that Dyer was not the legal owner of the claims. The only interest the surety company could have in the question of Dyer's being entitled to prose-

cute this action is that it be protected from another action upon the claims by Dewart. Manifestly, it is so protected by the fact that Dyer was the legal owner of the claims, and that Dewart was estopped by his assignment from claiming otherwise. Rem. Code, § 191; *Olsen v. Hagan,* 102 Wash. 321, 172 Pac. 1173. We conclude that the trial court did not err in its ruling upon this question.

It is further contended by counsel for the surety company, that the trial court erred in denying their motion, timely made, for judgment notwithstanding the verdict, challenging the sufficiency of the evidence to sustain the verdict. We deem it sufficient to say that there was testimony supporting every claim made, which, if believed by the jury, was sufficient to justify the verdict. Besides, no evidence was produced on behalf of the surety company. The evidence may furnish fair room for argument that the verdict should not have been so large, but that was a question of fact for the jury, and not one of law for the court to decide.

The judgment is affirmed.

HOLCOMB, FULLERTON, MAIN, and MOUNT, JJ., concur.