[No. 15350.   Department Two.   June 30, 1919.]

# M. BURKE, *Respondent*, v. E. H. WILSON *et al.*, *Appellants.*[1]

ASSIGNMENTS (6, 29)—"CHOSE IN ACTION"—RIGHT OF ASSIGNEE TO SUE. An assignment of any right of action growing out of a conversion of personal property which the assignor had held as security for a debt, is the assignment of "a chose in action for the payment of money," within Rem. Code, § 191, authorizing an assignee for the purposes of suit to maintain an action thereon in his own name; and authorizes an action for the recovery of the property or in the alternative for its value.

CHATTEL MORTGAGES (46, 51) — POSSESSION OF MORTGAGEE — RECOVERY. The rule that a chattel mortgagee has no right to recover possession of the mortgaged property has no application to a mortgage which contemplates the actual transfer of possession; and after such transfer of possession to the mortgagee has actually been made, the mortgagee may maintain replevin when the property is wrongfully taken and withheld.

APPEAL (284, 398)—PRESUMPTIONS—JUDGMENTS IN ABSENCE OF STATEMENT. In the absence of a bill of exceptions or statement of facts, it will be presumed, in aid of a judgment of replevin, that precedent demand was made or that the defense interposed made demand unnecessary.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 27, 1919, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*Frank E. Hammond,* for appellants.
*Philip Tworoger,* for respondent.

PARKER, J. — The plaintiff, Burke, as assignee of William Bojezk, commenced this action in the superior court for King county, seeking recovery of possession of a team of horses, a spring wagon, and a set of double harness, which he claims to be entitled to the possession of as against the defendants, the Wilsons

[1]Reported in 181 Pac. 904.

and Chopek, who he claims wrongfully acquired possession thereof from Bojezk and which possession is wrongfully withheld by them; also seeking in the alternative a money judgment against the defendants for the value of the property. Trial upon the merits in the superior court, sitting without a jury, resulted in findings and judgment in favor of the plaintiff and against the defendants, from which they have appealed to this court.

There is no statement of facts or bill of exceptions in the record before us. The facts may be summarized from the trial court's findings as follows: On and prior to July 11, 1918, Bojezk and Chopek were partners in business, and as such were the owners of the property in question. On that day they mutually dissolved their partnership, and, in the settlement of their partnership affairs, made an agreement touching the disposition of this property, as evidenced by two written instruments then executed and to which both were parties. One of the instruments was a plain bill of sale executed by Chopek, purporting upon its face to be an absolute conveyance of this property to Bojezk. The other instrument, executed at the same time and as a part of the same transaction, in so far as we need notice its terms, reads as follows:

"This Agreement made this 11th day of July, 1918, by and between William Bojezk and William Chopek; Witnesseth; Said William Chopek has this day executed and delivered to said William Bojezk a bill of sale on the following described property, to-wit: (description) It is hereby agreed by and between the parties hereto that the said William Bojezk will at his convenience, sell the property and out of the proceeds of the said sale of property, after deducting the sum of $273 and any charges or expenses that he may be put to by reason of said sale, pay to William Chopek any sum that he may realize over the sum of $273 and

such additional charges and expenses that he may be put to by reason of having custody of the said property.''

Immediately after the execution of these instruments, they went to the stable where the property was being kept, when it was there delivered into the possession of Bojezk, who then paid the charges existing against it for feed and care. On the following day, July 12, 1918, Chopek, without the knowledge or consent of Bojezk, removed the property from where it had been kept and was left by Bojezk, taking it to, and placing it in, a stable kept by Wilson. Soon thereafter Bojezk, through his attorney, made a demand upon Wilson for the possession of the property, which demand Wilson refused to comply with. At that time the property ''was in the actual possession of the said Wilson, and in the constructive possession of the said Chopek.'' Thereafter, on July 16, 1918, Bojezk executed and delivered to Burke an instrument in writing as follows:

''In consideration of one dollar and other valuable considerations, I hereby assign to M. Burke, all my right, title and interest, in and to right of action I have against E. H. Wilson and Jane Doe Wilson, his wife, and Wm. Chopek, growing out of their conversion of certain personal property belonging to me, to-wit: (description) And I hereby authorize the said M. Burke to bring action to recover either the said property, or the value thereof.''

This assignment was executed merely for the purpose of permitting Burke to bring this action, Bojezk retaining title to the rights assigned, as between him and Burke. The court found the value of the property to be $350. No demand was ever made in behalf of Bojezk or Burke upon either Wilson or Chopek for possession of the property, other than the demand

made by Bojezk upon Wilson above noticed. The property remained in the possession of Wilson and Chopek, Burke not having sought to acquire possession thereof by writ of replevin pending the action. The judgment is in favor of Burke for the possession of the property, or upon failure of the Wilsons and Chopek to deliver the same to Burke, for a money judgment against them in favor of Burke for the sum of $273, that being, as the trial court found, the value of Burke's interest in the property, as assignee of Bojezk.

The principal contention here made in behalf of appellants, the Wilsons and Chopek, seems to be that an action of this nature, that is, an action to recover the property, or in the alternative, its value, cannot be maintained by Burke upon this assignment, since it was made solely for the purpose of enabling Burke to maintain the action, and not, as between Bojezk and Burke, to divest Bojezk of his interest in the property and the proceeds of its sale when made in pursuance of his contract with Chopek. Counsel invokes § 179, Rem. Code, providing that:

"Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law."

And argue that § 191, Rem. Code, does not provide otherwise with reference to an action of this nature by an assignee who has become such for the sole purpose of suing upon the chose in action assigned. That section, so far as we need here notice its terms, reads as follows:

"Any assignee or assignees of any judgment, bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain

an action or actions in his or her name, against the
obligor or obligors, debtor or debtors, therein named,
notwithstanding the assignor may have an interest in
the thing assigned: . . ."

The trial court concluded and proceeded upon the
theory that the bill of sale and agreement, made at
the same time and as a part of the same transaction
on July 11, 1918, to which Bojezk and Chopek were
parties, became in effect a chattel mortgage, with the
right of possession of the property in Bojezk to secure
to him the payment of the $273 agreed by the parties
as due him upon the settlement of their partnership
affairs. Counsel upon both sides of this case proceed
upon the same theory, as we understand them, and
we may, therefore, safely do likewise, so far as our
present inquiry is concerned. It seems to us that
what was assigned by Bojezk to Burke was primarily
the right of action which Bojezk possessd as against
the Wilsons and Chopek for the recovery of the $273,
to secure which the property was mortgaged to him,
accompanied by his actual possession thereof at the
time it was taken from him and retained by Wilson
and Chopek. This was a "chose in action for the pay-
ment of money." That Burke could, under § 191,
above quoted, maintain an action to recover this sum
from Wilson and Chopek, by virtue of the assignment
from Bojezk, seems to be conceded; but it is argued
that Burke could not maintain, under the assignment,
a recovery of the property, because a right thereto
such as is here involved is not a chose in action for
the recovery of money. We may concede, for argu-
ment's sake, that this contention would have some
reasonable basis to rest upon if Burke, as Bojezk's
assignee, were seeking recovery of the property under
a claim of absolute ownership instead of as security
for the payment of the $273 for which the mortgage

and possession of the property was given as security. But it has become well settled law that, "In the absence of any provision to the contrary, the unqualified assignment of a chose in action vests in the assignee an equitable title to all such securities and rights as are incidental to the subject-matter of the assignment." 2 R. C. L., p. 633; *National Bank of Commerce v. Lock,* 17 Wash. 528, 50 Pac. 478, 61 Am. St. 923; *Munson v. Exchange National Bank,* 19 Wash. 125, 52 Pac. 1011; *Lewis v. Third Street & Suburban R. Co.,* 26 Wash. 28, 66 Pac. 150. We think it follows that Burke can maintain an action for the recovery of the property from Wilson and Chopek, seeking an alternative money judgment in the same action, notwithstanding the assignment was made for the sole purpose of enabling Burke to enforce by appropriate action the rights possessed and assigned by Bojezk. Our recent decisions in *Olsen v. Hagan,* 102 Wash. 321, 172 Pac. 1173, and *Dyer v. Title Guaranty & Surety Co.,* 106 Wash. 186, 179 Pac. 834, are in harmony with this conclusion.

Contention is made that Burke's only remedy is by an action for damages against Wilson and Chopek, or by an action seeking the foreclosure of the mortgage, and that only by the latter can Wilson and Chopek be deprived of the possession of the property. Counsel for appellants invoke the general rule as announced in *Silsby v. Aldridge,* 1 Wash. 117, 23 Pac. 836, and *Kerron v. North Pacific Lumber & Mfg. Co.,* 1 Wash. 241, 24 Pac. 445, which is, in substance, that a mortgagee is not entitled to the possession of the mortgaged property, and, therefore, cannot recover it in a replevin action. This rule applies only to a mortgagee whose rights are secured by a conventional chattel mortgage, which leaves the possession of the property with its owner the mortgagor. It has no appli-

cation to a mortgage which contemplates the actual transfer of the possession of the property from the mortgagor to the mortgagee, and transfer of possession has actually been made, to be held as security. Here we have such a mortgage, accompanied by the actual transfer of the possession of the mortgaged . property by the mortgagor to the mortgagee. Under such circumstances, the mortgagee may maintain the action of replevin to recover possession of the property when it is wrongfully taken and withheld from him. It was so held in *Marsh v. Wade,* 1 Wash. 538, 20 Pac. 578.

Contention is made that Burke should not be permitted to recover in this action because there was no sufficient demand made by Bojezk or Burke for the possession of the property prior to the bringing of the action. It may be that the trial court's findings show such a state of facts touching the question of a demand of possession prior to the bringing of the action as would, under some circumstances, defeat Burke's right of recovery. But, as already noticed, we have no statement of facts advising us as to what occurred during the course of the trial, and we find nothing in the record showing but what Wilson and Chopek defended upon the theory that they were the owners of the property, and as such could not be required, under any circumstances, to surrender its possession to either Bojezk or Burke. Hence we must presume in support of the judgment that such defense was made as would make a demand by Bojezk or Burke wholly unnecessary to the maintenance of the action, under the rule that, ''Where in replevin defendant claims title to the property and the right of possession incident thereto, no demand by plaintiff is necessary.'' 34 Cyc. 1409.

Some other contentions are made in behalf of appellants; but we are convinced that they do not call for a reversal of the trial court's judgment, or for further discussion, especially in the absence of a statement of facts in the record.

The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, and MOUNT, JJ., concur.