ALFRED C. PEDRICK v. HENRY KUEMMELL AND MARY D. KUEMMELL.

Submitted November Term, 1906—Decided February 25, 1907.

1. The action of replevin is not only an action to recover the specific property; but also to recover damages for the detention, and the plaintiff is entitled to recover damages for detention, although the plaintiff, pursuant to the statute, has not required the immediate delivery of the property.

2. The sheriff, by a levy under an execution, acquires only a special and qualified title to goods levied on, and the title of the defendant in execution is not wholly divested.

3. After an action of replevin had been begun under section 143 of the District Court act, and the plaintiff had not required the immediate delivery of the property, the sheriff levied on the goods in the possession of the defendant by virtue of an execution against the plaintiff. *Held,* that it was error in the trial court to order a nonsuit.

On appeal from Passaic District Court.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the appellant, *Lewis A. Allen* and *Andrew Foulds, Jr.*

For the respondents, *Joseph F. Lefferts.*

The opinion of the court was delivered by

SWAYZE, J. This is an action of replevin. The goods were not actually taken by virtue of the writ, but were left in the possession of defendant pursuant to section 143 of the District Court act. *Pamph. L.* 1898, *p.* 610. At the trial it appeared that after this suit was begun a levy had been made by the sheriff of Passaic under an execution against the present plaintiff. The state of the case fails to show when the execution was delivered to the sheriff, and as far as is disclosed, he obtained no lien prior to the day of the levy.

The trial judge nonsuited the plaintiff upon the ground that the sheriff was legally entitled to the possession of the

goods, and therefore the plaintiff could not recover them. This ruling overlooked the fact that the action was not brought against the sheriff, but against a third person before the sheriff had any claim. It also overlooked the dual nature of the action of replevin. It is not only an action to recover the specific property, but also to recover damages for the detention. The plaintiff may be, and at common law was, put into possession of the goods at once, and if he had judgment it was for the damages for the detention only (8 *Bac. Abr.* 575), and as the remedy was ordinarily for a wrongful distress, and the property was in the plaintiff, there was no need to ascertain the value of the chattels. That value was ascertained when the suit terminated in favor of the defendant. *Id.* 576. The plaintiff could only recover the value of the goods where he failed to get possession by his writ, and could declare in the present tense that the defendant detains them. *Frazier* v. *Fredericks,* 4 *Zab.* 162, 170; *Field* v. *Post,* 9 *Vroom* 346; *Lindauer* v. *Teeter,* 12 *Id.* 255. Where the plaintiff actually obtained possession of the goods, he nevertheless was obliged to go on with his action, which he had given security to prosecute, and was entitled, if he prevailed, to damages for the detention.

Our statute authorizes the defendant to retain possession of the chattels upon giving bond, and in that case directs that, if the plaintiff recover, the jury shall find the value of the goods and chattels as well as the damages of the plaintiff, and the plaintiff shall have judgment thereon in damages as well for the value of the goods and chattels as for taking and detaining them. These provisions have been adopted in section 127 of the District Court act. *Pamph. L.* 1898, *p.* 605. Section 143 of that act is adopted from the supplement to the Replevin act of June 13th, 1890. *Gen. Stat., p.* 2770. It authorizes the issue of the writ without a bond from the plaintiff where immediate delivery of the property is not required. Upon judgment awarding the possession to the plaintiff an order may be made as part of the judgment directing the proper officer to deliver the property in accordance with the judgment. Nothing is said in this section

about damages for the detention, but since the evident object of the legislation was only to do away with the necessity of the bond, and to postpone the actual delivery of the property until the title was determined, there is no reason to think that an action under section 143 differs in this respect from an ordinary action of replevin. The plaintiff, as in an ordinary action, would be entitled to recover damages for the detention. It may be that in the present case those damages must be limited to the detention antecedent to the sheriff's levy, but in any event a nonsuit was not justified. The statute itself makes provision for a case like the present, where parties not before the court have some ownership in the property replevied, and authorizes the court to require a bond or other security for their protection before awarding the property to the plaintiff.

It must be remembered that the levy by the sheriff does not change the property in the goods. If it did, there could be no valid levy under a second execution or a distress warrant. *Newell* v. *Clark,* 17 *Vroom* 363 (at *pp.* 372, 373). The sheriff by his levy acquires only a special and qualified title, and the title of the defendant in execution is not wholly divested. As against the defendant in execution, or one claiming under him, or a subsequent mortgagee, or an officer having a later execution, the sheriff can recover damages only to the amount of his lien. *Newell* v. *Clark, ubi supra.*

Cases in other jurisdictions are cited ·in 24 *Am. & Eng. Encycl. L.* (*2d ed.*) 518, 525.

Whether under section 143 a judgment is limited to the award of possession and damages for the detention, or whether an alternative judgment may be rendered for the value of the goods and chattels as in actions governed ·by section 127, need not now be considered. The plaintiff was entitled to have the suit proceed under section 143, and if he prevailed, it was in the power of the court to protect the special property of the sheriff by requiring security of the plaintiff before issuing ·the order to put him in possession. .

The nonsuit was wrong, and the judgment must be reversed and the record remitted for a new trial.