[No. 8396. Department Two. December 6, 1909.]

MAX GUTTER, *Appellant*, v. F. L. JOINER *et al.*,
*Respondents.*[1]

ATTACHMENT—WRONGFUL ATTACHMENT—ACTION ON BOND—WAIVER
BY REDELIVERY. Defendant's retaking of attached property upon a
redelivery bond, without moving against the writ, waives the right
of action for wrongful attachment upon the attachment bond (PARK-
ER and DUNBAR, JJ., dissenting).

Appeal from a judgment of the superior court for King
county, Tallman, J., entered May 11, 1909, dismissing an
action in tort, upon sustaining a demurrer to the complaint.
Affirmed.

*H. E. Foster*, for appellant.

*Holzheimer, Herald & Holzheimer*, for respondents.

[1]Reported in 105 Pac. 457.

MOUNT, J.—The appellant brought this action to recover alleged damages upon an attachment bond. The lower court sustained a demurrer to the complaint and dismissed the action. Plaintiff appeals.

It appears from the complaint that the respondent Joiner brought an action for alleged debt against the appellant. In that action a writ of attachment was issued, upon the ground that the defendant was a nonresident. After service of the writ, the defendant appeared in that action and, without moving against the attachment, gave a redelivery bond and regained possession of the attached property. A judgment was subsequently rendered in that action in favor of the defendant. Thereafter he brought this action. The question is, does the giving of a redelivery bond in such cases waive the right of action upon the attachment bond? This court, in *Brady v. Onffroy*, 37 Wash. 482, 79 Pac. 1004, in considering the effect of a redelivery bond under our statute, said:

"The giving of the bond effects the immediate discharge of the attachment and release of the property, and the bond then becomes a security for any judgment that shall be rendered against the defendant. The cases hold that, when such a bond has been given under a statute requiring an unconditional promise to perform the judgment of the court, the defendant is thereby estopped to raise any question as to the regularity of the attachment."

After citing cases and discussing the provisions of the statute, the opinion concludes:

"Therefore, under our law, a defendant in attachment has the option to first try the question of the regularity of the attachment, or to give the bond. If he elects to give the bond, which under our statute must provide for the performance of the judgment of the court, he thereby gains the advantage of an immediate release of the property and discharge of the attachment. But, in lieu thereof, under the above authorities, the bond stands as security for any judgment that may thereafter be rendered against him in the

action, and both he and his surety waive any right to attack the regularity of the attachment."

While the main question in that case was not the same as here, we think the rule there stated is sustained by the authorities cited, to which may be added, *Bick v. Long*, 15 Ind. App. 503, 44 N. E. 555; *Pixley v. Reed,* 26 Minn. 80, 1 N. W. 800, and 4 Cyc. 687, and is conclusive of the question in this case.

. The judgment is therefore affirmed.

RUDKIN, C. J., and CROW, J., concur.

PARKER, J. (dissenting)—I cannot concur in the holding of the majority opinion, to the effect that a defendant in whose favor a judgment has been rendered *upon the merits,* in an action brought against him to recover an alleged debt wherein the plaintiff has given the usual bond and caused an attachment to be issued and property of the defendant seized thereunder, waives his right to sue upon the attachment bond for actual damages resulting to him from such seizure, by the giving of a redelivery bond and thereby recovering possession of his property.

In my opinion the authorities cited, as well as the numerous citations in *Brady v. Onffroy,* 37 Wash. 482, 79 Pac. 1004, go no farther than to support a holding to the effect, that when a redelivery bond is given, the defendant and his sureties thereby waive the right to question the attachment proceedings in *that case or in any proceeding wherein a judgment rendered against defendant in that case is sought to be enforced.* But it does not follow that when the defendant successfully resists plaintiff's claim upon the merits and judgment is rendered accordingly, as is here alleged, he has waived actual damage caused by the seizure under the attachment, by the giving of redelivery bond and reclaiming his property.

The theory of the decisions seems to be that, if the defendant has any cause to show why the attachment should

not have been sued out, he should present it in some form, by motion or otherwise, in the attachment suit, before giving a redelivery bond, which is a voluntary substitute for the attachment. No doubt this is sound as applied to all lawful objections to the attachment then available to the defendant, but a motion to discharge an attachment cannot be supported by denying the existence of the debt; that goes to the merits of the cause and of necessity can only be determined upon the trial. Nothing, it seems could more conclusively show that the attachment was wrongfully sued out than a judgment against the plaintiff upon the merits (4 Cyc. 835); yet until trial upon the merits the defendant has no means of showing that there is no debt upon which the attachment is based. The defendant may be greatly damaged by the seizure (though whether much or little does not affect the principle involved) before he secures the return of his property through a redelivery bond, and he is not limited as to the time of so reclaiming his property, save by the rendering of a judgment against him. There is sound reason for holding that the giving of a redelivery bond is in effect an admission of the regularity of the attachment so far as defenses to *the attachment proceedings* then available to defendant are concerned. But it certainly cannot be said that the giving of a redelivery bond is a waiver of all actual damage on account of the wrongful attachment, when such wrongfulness results from the nonexistence of the debt alleged as a basis of the attachment, when such fact cannot be invoked to show the wrongful suing out of the attachment until the original suit has been determined in defendants' favor upon the merits. I therefore dissent.

DUNBAR, J., concurs with PARKER, J.