[No. 15779.   Department One.   October 4, 1920.]

JOHN R. ESMOND, *Appellant*, v. E. G. RICHARDS,
*Respondent*.[1]

SALES (95)—RIGHTS AND LIABILITIES BETWEEN PARTIES—DEFAULT
IN PAYMENT—PASSING OF TITLE.   Default in the payment of $150
boot money on trading a light for a heavy team of horses, does not
prevent the passing of title, where there was an exchange of pos-
session and credit was given for the payment.

REPLEVIN (47)—VALUE OF PROPERTY—ALTERNATIVE JUDGMENT—
AMOUNT.   In replevin for a team of horses, defendant, who was de-
prived of possession by the writ, is not bound by the value alleged
in the plaintiff's complaint, or limited to that sum upon a success-
ful defense of the suit.

SAME (36)—VALUE OF USE OF PROPERTY DETAINED—MEASURE OF
DAMAGES.   Upon replevin for a team of horses, defendant, who was
deprived of possession by the writ, is entitled to judgment for the
value of the use of the team during the pendency of the action.

SAME (44)—JUDGMENT—FORM.   In replevin for a team of horses,
in which it was admitted that defendant was liable for a balance of
$150, a judgment for defendant for a return of the team, or in the
alternative, for its value, will not be construed as denying plaintiff
the right to the offset.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered September 24,
1919, upon findings in favor of the defendant, in an
action in replevin, tried to the court.   Affirmed.

*Wm. Sheller*, for appellant.

*Cooley, Horan & Mulvihill*, for respondent.

PARKER, J.—The plaintiff, Esmond, commenced this
action in the superior court for Snohomish county,
seeking recovery from the defendant, Richards, of a
team of horses and a set of double harness, and dam-
ages for the alleged unlawful detention thereof by the

[1]Reported in 192 Pac. 917.

21—112 WASH.

defendant. A writ of replevin was issued at the instance of plaintiff, by virtue of which the defendant was deprived of the possession and use of the team and harness pending the action. Trial upon the merits before the court without a jury resulted in findings and judgment awarding to the defendant return of the possession of the team and harness, or, in the alternative, if return thereof cannot be had, recovery of the sum of $325 from the plaintiff as the value thereof; and also the sum of $135 damages for the withholding of the team and harness from his possession and use pending the action, together with his costs incurred in the defense of the action. From this disposition of the case by the superior court, the plaintiff has appealed to this court.

On August 4, 1919, appellant entered into a trade agreement with respondent by which he was to receive from respondent a team of light weight horses and $150 in exchange for the heavy team and harness here in question. Possession of the respective teams and harness was accordingly surrendered by each party to the other, each being given absolute and unconditional possession of all the property coming to him under the terms of the agreement. The $150 was not then paid to appellant by the respondent. There is conflict in the evidence as to respondent's giving appellant a check upon a bank, sufficient in form, for the $150; but we think it is, in any event, certain that, if such a check was then given, it was then understood between the parties that respondent did not have sufficient funds in the bank on which the check was drawn to redeem it, and that it was understood that appellant should hold the check and not present it for payment for some two or three weeks until respondent received and deposited in the bank certain moneys he was to receive

from the county for work performed by him. In this
manner appellant extended credit to respondent for
the payment of the $150. Some ten days after the ex-
change of possession of the teams and harness, appel-
lant claimed that the light team so traded and delivered
to him by respondent was not as represented by re-
spondent, and that he, appellant, was entitled to res-
cind the trade agreement and reclaim the heavy team
and harness, because of fraudulent and false repre-
sentations made by respondent as to the quality and
character of the light team, inducing appellant to enter
into the trade agreement. The trial court found "that
there was no fraud and no misrepresentation on the
part of the defendant (respondent) in said trade";
that the value of the team and harness in question is
$325, and that the value of its use during the time re-
spondent was deprived of its possession and use pend-
ing the action is $135.

The principal contention here made in appellant's
behalf is that the trial court erred in finding that there
was no fraud or misrepresentation on the part of re-
spondent as to the character and quality of the light
team traded by him to the appellant, and that appellant
was not entitled to rescind and reclaim the heavy team
and harness on that account. As we view the record,
this presents only a question of fact, as to which, while
the evidence is somewhat in conflict, we think it clearly
preponderates in favor of the finding and conclusion
made by the trial court in that behalf. We arrive at
this conclusion from a thorough reading of all of the
evidence in the case as furnished us in the statement
of facts. We think it would serve no useful purpose
to discuss the evidence in detail in this opinion.

Contention is also made in appellant's behalf that
he is entitled to rescind the contract and reclaim the

heavy team and harness from respondent because the $150 has not been paid in pursuance of the trade agreement. We are quite convinced that this contention is without merit, in view of the fact that credit was extended by appellant to respondent for the payment of the $150. The most elementary principles of law, we think, call for the conclusion that the failure to pay the $150, under the circumstances here shown, did not prevent title to the team and harness passing to respondent at the time of the making of the trade and the exchange of possession of the property in pursuance thereof. *Knox v. Fuller,* 23 Wash. 34, 62 Pac. 131.

Some contention is made that the court erred in finding the value of the team and harness in question to be $325, and awarding the alternative money judgment accordingly. This seems to be rested upon the theory that, because the appellant in his complaint alleged the team to be worth $300, the court should not have awarded respondent an alternative judgment for its value in excess of that sum; but plainly respondent was not bound by the allegations of appellant's complaint as to the value of the team. The proof is all but conclusive that it was of the value of $325, as found by the trial court. Hence there was no error in awarding an alternative money judgment to respondent in that sum.

Contention is also made that the court erred in finding the value of the use of the team during the period respondent was deprived of its possession and use pending the action to be $135. The evidence fully warrants the conclusion that respondent was deprived of the use of the team and harness by reason of the replevin for a period of over thirty days, and that the value of its use was $4.50 per day. It seems quite clear, therefore, that the award of damages in this sum in favor of respondent was not erroneous.

The trial court found that respondent still owes appellant the $150, but ignored that fact in rendering final judgment. We think the judgment should not be construed as an adjudication that appellant is no longer entitled to that sum as a charge or offset against the money award of the judgment, if it, the $150, has in fact not been paid. So construing the judgment, we conclude that it must be affirmed. It is so ordered.

HOLCOMB, C. J., MAIN, BRIDGES, and MITCHELL, JJ., concur.