ADAMS v. ASKINS. (5 Div. 968.)

Supreme Court of Alabama. March 31, 1927.

1. Sales ☞459—Sale of cars for part cash and promise to pay balance, with title in vendor until paid, is a "conditional sale."

Transaction whereby plaintiff sold defendant a car, part cash, and car was delivered to defendant on promise to pay the balance or secure it by note the following week, with stipulation that title should remain in vendor until balance of purchase price was paid or secured, constituted a "conditional sale."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

2. Sales ☞460—Condition of conditional sale by parol is good between parties.

A conditional sale by parol is, as to the condition, good between the parties; the statute requiring chattel mortgages to be in writing having no application.

3. Sales ☞467—Conditional buyer cannot question seller's title in detinue upon condition broken.

Buyer under conditional sale, receiving and holding possession from his seller, cannot question the seller's title in suit in detinue upon condition broken.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Action in detinue by J. R. Askins against Albert Adams. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals, under Code 1923, § 7326. Affirmed.

J. B. Atkinson, of Clanton, for appellant.

A plaintiff in detinue must show a special or general property right in the chattel in controversy, and that he is entitled to the immediate possession thereof. A lienor or other equitable owner has no such title as will sustain detinue. Johnson v. New Co., 163 Ala. 463, 50 So. 911. A mortgage of personal property is not valid unless made in writing and subscribed by the mortgagor. Code 1923, § 8033; Williams v. Davis, 154 Ala. 422, 45 So. 908.

Grady Reynolds, and O. L. Reynolds, both of Clanton, for appellee.

Prior possession alone is sometimes sufficient to maintain detinue. Whatley v. Taylor, 211 Ala. 655, 101 So. 590; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; Griffith & Warren v. Biggers, 206 Ala. 563, 90 So. 795.

BOULDIN, J. The suit is in detinue for the recovery of a Ford car. The sole question presented is the refusal of the affirmative charge, with hypothesis, to defendant.

[1] Some evidence of the plaintiff tended to show that the car was sold by plaintiff for $275, of which $150 was paid cash, and the car delivered to defendant on a promise to pay the balance or secure it by note the following week, with stipulation that the title would remain in the vendor until the balance of purchase money was paid or secured. This, if true, constituted the transaction a conditional sale.

[2] A conditional sale by parol, is, as to the condition, good between the parties. The statute requiring chattel mortgages to be in writing has no application.

[3] The vendee under conditional sale, receiving and holding possession from his vendor, cannot question the vendor's title in a suit in detinue upon condition broken.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.