## GEORGE MURPHY v. STRYKER TRANSPORTATION AND CONTRACTING COMPANY.

Decided July 16, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Thompson & Hanstein.*

*Contra, Robert Peacock.*

PER CURIAM.

This was an action of replevin to recover possession of a White truck, which the plaintiff had purchased from the Broadway Garage, Incorporated. He gave a chattel mortgage to the vendor to secure twelve notes, which were given in payment of the car, the total amount thereof being $4,020. The chattel mortgage was assigned to the defendant corporation, and it took possession of the truck on the 23d of December, 1925, claiming that it was entitled to do so for the failure to pay three of these twelve notes when they fell due, the right to take possession for non-payment having been given by one of the provisions of the chattel mortgage. It was conceded that nine of the twelve notes had been paid, the claim of the plaintiff upon which he based his right to maintain the present suit being that he had paid all of these

notes. The suit was instituted on the 20th of January, 1926, and at the same time plaintiff gave the sheriff the statutory replevin bond. Pursuant to the command of this writ, the sheriff replevied the car, but left it in the defendant company's garage, there having been no demand made upon him by the plaintiff for its delivery. The trial resulted in a verdict in favor of the plaintiff, the jury assessing his damages at $2,279.76.

The first contention advanced in support of the present rule is that the finding of the jury, by necessary implication, that the plaintiff had paid the three notes which were the subject of the controversy was against the weight of the evidence. Our examination of the proofs leads us to the conclusion that this contention is not well founded.

The only other ground upon which we are asked to set aside the verdict is that the damages are excessive. We think this contention is justified. The Stryker company took possession of the truck on the 23d of December, 1925, and the writ of replevin was served on the 26th of the following January; that is, thirty-four days after the truck had been taken from the plaintiff by the Stryker company. The plaintiff's testimony was that the truck was used by him for hauling gravel, and that he was earning in this work from $20 to $23 a day. Assuming that he was earning the larger amount, his loss on this account during the period mentioned, with interest thereon, was, according to his own evidence, not more than $1,000. It is true that the sheriff made no delivery of the possession of the truck to him until the 23d day of February, nearly a month after the service of the writ of replevin. But this was the plaintiff's own fault. He could have called upon the sheriff immediately upon the giving of the bond to deliver the possession of the truck to him, if he had seen fit to do so. He cannot increase his damages by his failure to pursue that course.

If plaintiff will consent to a reduction of the verdict to $1,000, he may enter judgment for that amount. In the event of his refusal to do so, the rule to show cause will be made absolute.