[No. 22024.  Department Two.  January 9, 1929.]

PHILLIP GAFFNEY et al., *Appellants*, v. C. W. O'LEARY et al., *Respondents*.[1]

*John F. Aiken*, for appellants.
*Glenn E. Cunningham*, for respondent.

[1]Reported in 283 Pac. 1091.

MAIN, J.—This action was brought to recover the possession of an automobile. When the action was instituted, the plaintiff, by writ of replevin, took the automobile from the possession of the defendants. The cause was tried to the court without a jury, and resulted in a judgment directing that the automobile be returned to the defendants and awarding them damages for its use during the time that they had been deprived of the possession. From this judgment, the plaintiffs appeal.

The case will be treated as though Phillip Gaffney were the only appellant and C. W. O'Leary the only respondent.

The facts, as found by the trial court, may be summarized as follows: November 19, 1928, the respondent sold to the appellant a Star touring automobile for the sum of $375. Twenty-five dollars in cash was paid at the time and an automobile turned in at a value of $75. Subsequently the appellant made a $10 payment. The automobile purchased was delivered to the appellant, and it was orally agreed by the parties that it should be held upon a conditional sale contract and that the contract should not be reduced to writing until January 1, 1929. After the automobile was delivered, the appellant repeatedly refused to sign the contract. After his refusal to sign, the respondent, January 13, 1929, without serving notice of forfeiture, took possession of the automobile as it stood upon the street in front of the appellant's home, and retained possession until it was taken from him upon the writ of replevin above mentioned. At the time of the purchase, an informal contract, designated an order, was signed by the parties. The trial court fixed the value of the automobile at $350, the value of its use at $1.50 per day, and allowed the appellant a credit for the $110 which he had paid.

■ The first question is whether the entire contract of the parties was embodied in the order referred to and therefore was not subject to be supplemented by oral testimony. The well settled rule is that, where it appears that only a part of a contract is in writing, the part not in writing may be proved by oral testimony in so far as it is not inconsistent with the written portion. *Interstate Engineering Co. v. Archer*, 64 Wash. 629, 117 Pac. 470. The order referred to in the present case does not specify the terms of payment or state the conditions upon which the automobile was delivered to the appellant. This being true, oral testimony as to the terms of payment and the conditions upon which it was delivered is permissible. The case of *Fairbanks Steam Shovel Co. v. Holt & Jeffery*, 79 Wash. 361, 140 Pac. 394, L. R. A. 1915B 477, is different from this, in that there all the essential terms of a contract were specified in the writing, while here all the essential terms were not so specified. There was no error in receiving oral testimony as to the time of payment and the conditions upon which the delivery was made.

■ The next question is whether an oral conditional sale contract is valid as between the parties. Section 3790, Rem. Comp. Stat., provides that all conditional sales of personal property, where the thing sold is placed in the possession of the vendee, shall be absolute as to all *bona fide* purchasers, pledgees, incumbrancers and subsequent creditors, unless, within the time therein specified after the taking of possession by the vendee, a memorandum of such sale shall be filed as therein required. There is nothing therein stated with reference to the requirement of a conditional sale contract as between the parties. In the absence of the statute making a writing necessary, an

174

oral contract of conditional sale as between the parties is valid. In 35 Cyc., p. 663, it is said:

"In the absence of statute a writing is not necessary, but in most states statutes have been passed expressly or because of provisions for registration impliedly requiring the contract to be evidenced by writing. Even in such sales a writing is not necessary as between the parties."

In *Blackford v. Neaves*, 23 Ariz. 501, 205 Pac. 587, it is said:

"Now, whether or not a sale is absolute or conditional, so far at least as its effect between the parties is concerned, like all other contracts, depends chiefly on their intention, and a reservation of title may be implied from their acts. *Hammett v. Linneman*, 48 N. Y. 399; *McManus v. Walters*, 62 Kan. 128, 61 Pac. 686; *Whitwell v. Vincent*, 4 Pick. (Mass.) 449, 16 Am. Dec. 355. Nor is a written contract necessary as between the parties. *Butts v. Screws*, 95 N. C. 215; *Blackwell v. Walker*, (C. C.) 5 Fed. 419; Par. 3278 R. S. A. 1913."

The cases of *Adams v. Askins*, 215 Ala. 632, 112 South. 199, and *Home Fire Ins. Co. v. Wray*, 177 Ark. 455, 6 S. W. (2d) 546, are to the same effect.

The contract in question was not invalid as between the parties because not reduced to writing.

The next question is whether the respondent had a right to retake the possession of the automobile without resort to the court. The rule is that he may do so if possession is taken peaceably. In 35 Cyc. 697, it is said:

"On the default of the buyer the seller has the right of possession of the property and may retake the same. This right he may exercise without recourse to the courts by retaking possession, provided he can do so peaceably, . . ."

In 24 R. C. L., p. 486, the rule is similarly stated.

In *Sunel v. Riggs,* 93 Wash. 314, 160 Pac. 950, the rule stated in the texts just cited is given effect, though the question is not there specifically discussed. The case of *Richardson v. Great Western Motors,* 109 Wash. 324, 187 Pac. 333, does not touch the question of the manner of taking possession of the property on default, but deals with the question as to whether there was sufficient reason to justify the taking.

In the case now before us, the respondent took possession of the property peaceably, because a condition of the oral contract of conditional sale had not been complied with, and therefore his possession was rightful and the appellant did not have the right to disturb that possession.

The next question is whether the trial court erred in charging the appellant for the use of the car while he held it under the writ of replevin. It is well settled that the value of the use in such a case is a proper measure of damages. *MacKenzie v. Steeves,* 98 Wash. 17, 167 Pac. 50; *Esmond v. Richards,* 112 Wash. 641, 192 Pac. 917.

The next question is whether there was error in allowing the appellant a credit for the $110 which he had paid upon the automobile. Whether this should have been done, it is not necessary here to determine. If it was error, it was in the appellant's favor, and he is not in a position to complain thereof.

The next question is whether the findings proposed by the appellant and rejected by the court should have been signed. After reading the evidence, we are of the opinion that the findings which the trial court made are supported thereby. It is true that the evidence is in conflict in many material respects. Since we are in accord with the findings made by the trial court, it follows that there was no error in the refusal

of that court to make the findings of fact requested by the appellant.

The judgment will be affirmed.

MITCHELL, C. J., BEALS, and HOLCOMB, JJ., concur.