[No. 29768. Department Two. April 18, 1946.]

G. C. HOFF, *Appellant,* v. ROY LESTER *et al., Respondents.*[1]

¹Reported in 168 P. (2d) 409.

*William M. Clapp* and *Allen Spratlin,* for appellant.

*W. E. Southard, T. B. Southard,* and *J. L. Mitchell,* for respondents.

BEALS, J.—Plaintiff in this action, G. C. Hoff, verified his complaint, July 7, 1943, alleging that he was engaged in the business of drilling wells and owned a complete well-drilling machine and equipment; that, March 8, 1943, plaintiff contracted with defendants Lester to drill a well upon a tract of land belonging to them, and, accordingly, moved his drilling equipment to the site of the proposed operation; that, June 20, 1943, the defendants refused to permit plaintiff to enter upon their property for the purpose of removing his drilling equipment and refused to permit plaintiff to take possession thereof; that the drill had not been taken for a tax or under execution; that its value was forty-five hundred dollars; and that the property was capable of earning for plaintiff the sum of fifty dollars a day, which sum plaintiff alleged was his past and continuing damages.

Plaintiff asked for a writ of replevin, commanding the sheriff to deliver the property to the plaintiff, or, in the alternative, for a judgment against defendants for forty-five hundred dollars. He also demanded judgment for eight hundred fifty dollars by way of accrued damages and for fifty dollars a day for each additional day possession of the property was withheld from plaintiff.

By their answer, the defendants admitted that they were husband and wife, and the owners of the land upon which plaintiff was to drill a well, at their order. They denied that they had refused to allow plaintiff to remove his drilling equipment and that they had wrongfully retained possession thereof. They also denied that the property was worth more than twenty-five hundred dollars, or that its use was worth more than fifteen dollars a day.

By affirmative defenses, the defendants alleged that plaintiff had agreed to drill a well for them, had partially performed the contract, and had then abandoned it, to defendants' damage in a considerable sum.

Plaintiff replied to the affirmative defenses contained in defendants' answer with denials, and, thereafter, February 8, 1944, defendants filed an amended answer, in tenor similar to their original answer save that they specifically denied

that they had ever withheld the drilling equipment from plaintiff, and alleged that

" . . . there has been no time since the said well drill has been on the premises of the defendants that he could not have moved it off without any hinderance on the part of the defendants, either by force or threats, or intimidation, or any threats to institute legal proceedings."

Plaintiff did not, at the time of the institution of the action, or later, claim immediate delivery of the drilling equipment by filing an affidavit and bond in accordance with Rem. Rev. Stat., § 707 [P.P.C. § 92-5] *et seq.,* and the property remained in the possession of the defendants at all times during the pendency of the action.

The action was tried to the court, sitting without a jury, and resulted in the entry of findings of fact, which may be summarized as follows:

The court found that defendants were husband and wife and the owners of the land referred to in plaintiff's complaint; that the plaintiff was the owner of a complete well-drilling machine and equipment, and that, March 7, 1943, he entered into a contract to drill a well upon defendants' property and moved his equipment to the site of the proposed operation; that, July 1, 1943, plaintiff sought to remove his equipment from defendants' property, and that defendants refused to allow plaintiff to take possession of his machinery; that plaintiff instituted this action in replevin, July 7, 1943, asking for possession of the property and damages for its detention; that the reasonable rental value of the drilling equipment was forty dollars a day; that plaintiff did not, at the time of commencing his action, nor at any time thereafter, claim immediate delivery of the machinery by filing an affidavit and bond, and that the defendants were still retaining possession of the equipment upon their land; that the market value of the equipment was forty-five hundred dollars; that plaintiff was entitled to immediate possession thereof, together with damages in the sum of two hundred dollars for detention of the property up to the time of the institution of the action; and that, if possession of the property was not given to plaintiff, he should recover dam-

ages in the sum of forty-five hundred dollars. The court further found that the property had not been taken for a tax, assessment, or fine, etc.

The court entered conclusions of law, in accordance with the findings of fact, followed by a judgment.

Plaintiff moved for a new trial, on the ground that the court had erred in assessing the amount of damages in plaintiff's favor and, upon denial of the motion for a new trial, appealed to this court.

Error is assigned upon the refusal of the trial court to allow damages in favor of appellant for the wrongful withholding of the drilling equipment, from the date of the filing of appellant's complaint to the entry of judgment. Appellant also assigns error upon the court's ruling that appellant, not having filed an affidavit and bond with a claim for immediate delivery of the property, was not entitled to damages for the wrongful withholding of the property by respondents during the pendency of the action.

The only question here presented is whether appellant, having instituted his action in replevin, but not having claimed immediate possession of the property by filing an affidavit and bond pursuant to Rem. Rev. Stat., § 707 *et seq.,* was entitled to damages for detention of the property during the pendency of the action, the trial court having found that the property in question belonged to appellant and was wrongfully detained by respondents. Respondents have not cross-appealed, and, no statement of facts having been filed, the matter is before us upon the court's findings of fact, conclusions of law, and judgment.

The following facts are established: that appellant was the owner and entitled to possession of the well-drilling equipment; that, July 1, 1943, appellant sought to take possession of his property and that respondents refused to allow appellant to remove his property from their land; that, July 7, 1943, appellant instituted this action; that he at no time claimed immediate delivery of the property by filing an affidavit and bond, as he might have done, in accordance with the statute; that the respondents were, at the time of the entry of judgment, still retaining possession of appel-

lant's machinery; and that appellant was entitled to the immediate possession thereof, together with damages in the sum of two hundred dollars (computed at the rate of forty dollars per day for five days prior to the institution of the action), and for judgment for the value of the property, in the sum of forty-five hundred dollars, if possession of the property be not obtained by appellant. The court also found "that the reasonable rental value of the said well drill and equipment so withheld by defendants [respondents] is $40.00 per day."

Rem. Rev. Stat., § 434 [P.P.C. § 62-17] reads as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or value thereof, in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

 The procedure to be followed in obtaining and retaining personal property pending trial of an action to recover possession thereof is found in Rem. Rev. Stat., § 707 *et seq.* Section 707 reads as follows:

"The plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons, or at any time before answer, claim the immediate delivery of such property as herein provided."

Sections 708 and 709 [P.P.C. §§ 92-7, 92-9] provide, respectively, for the filing by plaintiff of an affidavit and a bond in support of plaintiff's claim for immediate delivery to him by the sheriff of the personal property in question. Section 711 [P.P.C. § 92-13] provides for the filing of a redelivery bond by the defendant.

From the foregoing statutory provisions, it appears beyond question that the plaintiff, in an action for the recovery of personal property, in order to obtain the relief which he seeks, is not required to avail himself of the "provisional remedy" provided by § 707 *et seq.* In accordance with § 434, *supra,* the action may regularly proceed to trial and

judgment while the property remains in the possession of the defendant.

In the case at bar, the trial court ruled that appellant was not entitled to damages for the detention of the property during the period of the pendency of the action, for the reason that appellant had not availed himself of the privilege afforded him by § 707, *supra,* whereby he might have obtained possession of the property by filing an affidavit and bond.

The following texts are of interest in connection with the question under discussion:

"Plaintiff is not deprived of the right to damages for the detention of the property by his failure to require immediate delivery of the property under the writ at the institution of the action." 54 C. J. 612, 613, Replevin, § 359.

"The bond of the plaintiff in Replevin being for the sole purpose of securing the defendant when the plaintiff procures the immediate possession of the property, it follows that wherever the taking of the possession of the property by the plaintiff is not an absolute requirement of the statute such plaintiff may have a determination by the court of his title or right of possession to the property while leaving the property itself in the possession of the defendant and therefore that no bond need be given by him in such a case." Shinn on Replevin, p. 341, § 381.

The principle of law governing the question under discussion is correctly stated in the foregoing texts. Appellant's right to recover damages for the detention of his property by respondents was not lost by appellant's failure to claim, by affidavit supported by a bond, the immediate possession of his drilling equipment. The proposition is supported by the following authorities: *United States v. Certain Parcels of Land, Etc.,* 62 F. Supp. 1017; *Hutchings v. Cobble,* 30 Okla. 158, 120 Pac. 1013; *Pedrick v. Kuemmell,* 74 N. J. L. 379, 65 Atl. 846; *Racine-Sattley Co. v. Meinen,* 79 Neb. 32, 33, 112 N. W. 321, 114 N. W. 602.

This principle, however, does not support appellant's claim that, upon the findings entered by the trial court, he is entitled to judgment against respondents for forty dollars a day from the time of the commencement of the action

to the entry of judgment. In the first place, it may be noted that the finding refers to "reasonable rental value." Whether appellant customarily rented this equipment, or used it himself, does not appear from the findings. The rental value and the use value might differ. The findings are silent as to the number of days after the commencement of the action during which the equipment could have been used, or rented, by appellant.

The question of the possible effect of certain allegations in respondents' pleadings was not considered by the trial court, in view of its conclusion that appellant was entitled to no damages after the commencement of the action. In their amended answer, filed February 8, 1944, respondents included the allegation, quoted above, to the effect that appellant could have removed his equipment without hinderance on the part of respondents.

 In determining the amount of damages to be allowed the plaintiff in an action in replevin, the rules for assessment of damages in other cases, sounding in tort, are sometimes applicable. In Wells on Replevin (2d ed.) 455, § 520, the rule is stated as follows:

"The rules for assessing damages in other cases, in the nature of tort, will generally be applicable to replevin. This distinction, however, exists, that in replevin the plaintiff asserts a continuing ownership in himself; he seeks a return of *his* goods, and damages for the interruption to *his* possession. In trover the plaintiff asserts that the defendant has converted the property to his own use; he therefore recognizes the transfer of the title to the defendant, and seeks simply a compensation for its value, not its return. It follows, that in trover the party can never recover for the use of the property, while it is equally clear that in replevin the successful party may, in many cases, be entitled to recover the value of the use of the property of which he has been wrongfully deprived. Again, in trover, the right of property, general or special, is always in question, while in replevin the right of possession may alone be in issue. This does not change the fact, however, that in their substantial features great similarity exists between all actions brought for the conversion of chattels."

■ The general rule is that the plaintiff cannot be compensated for damages which he might have prevented by reasonable efforts and expenditures. 15 Am. Jur. 420, Damages, §§ 27, 28, 29, 40; 25 C. J. S. 499, Damages, § 33.

The foregoing principle has been applied to situations in which one, claiming to be the owner of personal property, might have availed himself of a provisional remedy, such as filing a claim and bond, provided for such a purpose, in a replevin action. This phase of the matter is discussed in the following authorities: 5 Am. Jur. 140, Attachment and Garnishment, § 902; 7 C. J. S. 602, Attachment, § 405; Wells on Replevin (2d ed.) 476, § 561; *Lawson v. Brokmann,* 116 Kan. 102, 226 Pac. 252; *Maxwell v. Speth,* 9 Ga. App. 745, 72 S. E. 292; *Taylor Bros. Jewelry Co. v. Kelley,* 189 S. W. (Tex. Civ. App.) 340; *Lamar v. Hildreth,* 209 S. W. (Tex. Civ. App.) 167; 1 Sedgwick on Damages (9th ed.) 447, § 227; *W. B. Moses & Sons v. Lockwood,* 295 Fed. 936, 54 App. D. C. 115, 33 A. L. R. 1467; *American Surety Co. v. Florida Nat. Bank & Trust Co.,* 94 F. (2d) 126; Annotation, 33 A. L. R. 1479; *Murphy v. Stryker Transp. & Contracting Co.,* 6 N. J. Misc. 745, 142 Atl. 670; *Giannini v. Wilson,* 43 N. M. 460, 95 P. (2d) 209. Many other authorities could be cited.

Several of our own decisions have some bearing upon the questions here presented. In the case of *Esmond v. Richards,* 112 Wash. 641, 192 Pac. 917, it appeared that the plaintiff sued, in replevin, for the recovery of personal property, taking possession of the property early in the action. The defendant did not claim redelivery of the property but prevailed upon trial of the action, judgment having been entered for the return of the property, or its value, and also for damages for withholding the property from defendant during trial of the action. From this judgment, the plaintiff appealed. The judgment was affirmed, this court expressly stating that the defendant was entitled to damages because of his deprivation of the use of the property pending the entry of judgment. It does not appear that it was suggested that the defendant had lost his right to recover such damages because of his failure to post a redelivery bond.

The opinion in the case of *American Packing Co. v. Luketa,* 115 Wash. 1, 196 Pac. 1, 22 A. L. R. 206, should also be noted in this connection.

In the case of *Gaffney v. O'Leary,* 155 Wash. 171, 283 Pac. 1091, we held that the plaintiff was properly charged for the use of an automobile while he held the same pursuant to a writ of replevin.

Similar questions were considered in the cases of *MacKenzie v. Steeves,* 98 Wash. 17, 167 Pac. 50; *Babare v. Rodman,* 127 Wash. 436, 221 Pac. 292; *Collins v. Warner,* 141 Wash. 162, 251 Pac. 288; *Meyers v. Walker,* 173 Wash. 592, 24 P. (2d) 97, and *Seaboard Securities Co. v. Berg,* 177 Wash. 203, 31 P. (2d) 503.

It is apparent that the authorities are in considerable conflict, and that no definite rule has been laid down as applicable to a majority of cases. We are convinced, however, that the following principles are supported by the weight of authority:

1. In connection with the statutory action of replevin, the plaintiff is accorded the privilege of obtaining immediate possession of the property, which is the subject matter of the action, by filing an affidavit and bond in accordance with the terms of the statute. It is not the rule that a plaintiff who does not avail himself of this privilege is, for that reason, deprived of his right to recover damages for the unlawful detention of his property.

2. In determining the question of damages, the trier of the facts should consider the particular circumstances of the case and, upon the facts, determine whether or not, at any stage of the proceedings, the plaintiff should have mitigated his damages by availing himself of his statutory right to procure immediate possession of the property. In this connection, all relevant and material facts should be considered, including the expense connected with such a procedure, the financial ability of the plaintiff to bear such expense, the relation between such costs and the amount of damages claimed by the plaintiff, the matter of whether or not any bond filed by plaintiff would be met by a counter bond filed by the defendant, and an estimate of

the probable time within which a judgment in the action, determining the title of the property, would be entered. A party should never be required, under penalty of loss of damages, to file a bond, or any other security, which he is unable to procure.

■ 3. It would seem that the burden of proof should properly rest upon the defendant in the action to make a *prima facie* showing of facts which would justify a ruling that some duty rested upon the plaintiff to seek immediate delivery of the property in suit by filing a bond. The plaintiff, of course, would have the right to introduce evidence tending to relieve him of this burden. *Epley v. Hunter,* 154 Wash. 163, 281 Pac. 327.

While it is true that many of the authorities refer to cases in which property was attached, rather than property sought to be recovered by way of replevin, there is no essential difference between the two situations, in so far as the question now under discussion is concerned.

Before this court, respondents argue only that the judgment appealed from should be affirmed. They took no exceptions to any ruling of the court, nor did they prosecute any cross-appeal. In their brief, respondents say:

"At the conclusion of this case, and the entry of the judgment therein, the respondents felt they had rather pay the judgment than to wage further litigation; and, therefore, took no exceptions to the findings, conclusions or the judgment; and they are not now relying on any errors of the court, but, rather, asking affirmation of the holdings of the court below."

The trial court erred in concluding, from the findings entered, that appellant was barred from a recovery of any damages which had accrued subsequent to the commencement of the action, because of appellant's failure to claim immediate possession of the drilling equipment and support his claim by an appropriate bond.

■ Appellant asks that we direct the entry of judgment against respondents in the additional amount of $20,440, based upon the number of working days from the commencement of the action to the date of the entry of judg-

ment, March 13, 1945. It would be improper, should we attempt to determine appellant's damages from the findings of fact. The trial court found the "rental value" of the drill, fixing the amount at forty dollars a day, and also found that the market value of the drill was forty-five hundred dollars. Under the authorities, any award of damages to appellant must be reasonable and cannot be based upon speculation or conjecture. Also, such an award must bear some reasonable relation to the value of the property.

In the case of *Johnston v. Karjala,* 172 Wash. 122, 19 P. (2d) 948, 90 A. L. R. 967, which was an action on a redelivery bond given by the defendant in an action in replevin, we said:

"There is testimony in the case to the effect that the reasonable value of the use of such a tractor is twenty dollars per day, and there is also testimony to the effect that the appellant had hired out this tractor for $32.50 per day, he furnishing the operator, the oil and gas, and providing any repairs which might be required. On that basis, the value of the use of the tractor alone could hardly exceed ten dollars per day, and we doubt whether any prudent man would long hire a tractor even at ten dollars per day which could be purchased for $1,300. In other words, for some special work or for a short period of time, one might hire such a tractor with its driver for twenty dollars or more per day, or without a driver for ten dollars per day, rather than buy a tractor for which he had no permanent use. But over such a long period of time as that elapsing between January 8 and June 4, following, with no allowance whatever for bad weather, for breakdowns or other interruptions, more or less bound to occur, we cannot believe that anyone would willingly engage to pay the value of the tractor, or more, for its use, and then be bound to return it in good condition."

The cases of *Consolidated Nat. Bank of Tucson v. Cunningham,* 28 Ariz. 518, 238 Pac. 332, and *Armstrong & Latta v. Philadelphia,* 249 Pa. 39, 94 Atl. 455, Ann. Cas. 1917B, 1082, should be read in this connection.

No reason appears for reversing the judgment in appellant's favor for two hundred dollars, for damages suffered by appellant up to the time of the commencement of the ac-

tion, that portion of the judgment not being a matter of controversy before this court.

In the case of *Johnston v. Karjala, supra,* we returned the case to the superior court for a new trial on the issue of damages. The same course should be followed here.

■■■ The cause is remanded to the superior court with directions to proceed to determine the amount of damages which should be awarded to appellant, on account of his having been deprived of the use of the drill between the dates of the commencement of the action and the entry of judgment. Either party may introduce further evidence bearing upon this question, and the trial court may, when the case is closed, enter supplemental findings of fact and conclusions of law upon this phase of the litigation and enter an amended judgment in accordance therewith. Appellant will recover his costs upon this appeal.

DRIVER, C. J., BLAKE, ROBINSON, and JEFFERS, JJ., concur.

[1]Reported in 168 P. (2d) 407.